STATE OF NORTH CAROLINA v. OLIVER WENDELL LITTLEJOHN

No. 7327SC535

(Filed 25 July 1973)

1. Criminal Law § 118— instructions on contentions

The trial court in an armed robbery case did not elaborate too greatly on the State's contentions or fail to charge properly on the contentions of defendant.

2. Criminal Law § 112— alibi — burden of proof — instructions

The trial court did not commit prejudicial error in instructing the jury that "The burden of proving an alibi does not rest upon the defendant to establish defendant's guilt" where the court thereafter correctly charged that defendant contended he was someplace else and that the State had the burden of proving his presence.

3. Criminal Law § 126— belated motion to poll jury

The trial court did not err in the denial of defendant's motion to poll the jury where the motion was first made after the jury had been discharged, some of the jurors had been selected for the trial of another case and other jurors had left the courtroom.

APPEAL by defendant from McLean, Judge, 22 January 1973 Session of Superior Court held in CLEVELAND County.

The defendant, Oliver Wendell Littlejohn, was charged in a bill of indictment, proper in form, with the armed robbery of $400.00 from Mr. and Mrs. Albert McGinnis on 10 November 1972. Upon defendant's plea of not guilty, the State offered evidence tending to show the following:

At about 10:30 a.m., 10 November 1972, the defendant parked a Chevrolet automobile at a store operated by Mr. and Mrs. Albert McGinnis on Highway 74 approximately four miles

west of Shelby. The defendant purchased an ice cream sandwich from Mrs. McGinnis and left. At about 11:45 a.m. he returned to the store and parked the same automobile at the gasoline pump and asked Mr. McGinnis to put in three dollars worth of gas. While Mr. McGinnis was doing as requested, defendant entered the store, closed the door behind him, and gave Mrs. McGinnis a five dollar bill to pay for the gasoline. He asked for and received a "poke" which he opened when Mrs. McGinnis gave him the two dollars change. The defendant pointed a "nickel-plated small caliber pistol" at Mrs. McGinnis and said, "Now, Lady, put the one dollar bills in here." The defendant got the twenty dollar bills and ordered Mrs. McGinnis to get the five and ten dollar bills. The total amount taken was about $400.00.

Mr. McGinnis met the defendant "coming out of the store between the car and the door, and he said, 'I paid the lady in the store.' " Mr. McGinnis went into the store and learned that the defendant had robbed Mrs. McGinnis. Mr. McGinnis got the "car tag number" of the automobile defendant was driving.

Defendant testified denying the crime and offered evidence of an alibi.

Defendant was found guilty as charged and from a judgment imposing a prison sentence of not less than twenty nor more than thirty years, he appealed.

*Attorney General Robert Morgan and Assistant Attorney General Rafford E. Jones for the State.*

*Robert G. Summey for defendant appellant.*

HEDRICK, Judge.

[1] By his fourth and seventh assignments of error, defendant contends the court erred in "elaborating too greatly" the contentions of the State and "failing to properly charge the contentions of the defendant." We do not agree.

"If defendant desired fuller instructions as to the evidence or contentions, he should have so requested. His failure to do so now precludes him from assigning this as error." (Citations omitted.) *State v. Sanders,* 276 N.C. 598, 617, 174 S.E. 2d 487, 500 (1970) ; reversed on other grounds, 403 U.S. 948, 29 L.Ed. 2d 860, 91 S.Ct. 2290 (1971).

A misstatement of the evidence or contentions of the defendant, not called to the court's attention, may not be the basis of a proper assignment of error. *State v. Baldwin,* 276 N.C. 690, 174 S.E. 2d 526 (1970). Nevertheless, a careful examination of the charge as a whole leads us to the conclusion that the court fully and fairly instructed the jury as to the evidence and the contentions of the parties and declared the law applicable thereto.

By his fifth assignment of error, defendant contends the trial court did not properly charge that the use of a firearm is a necessary element of the crime of armed robbery.

The charge is replete with instructions that the use of a firearm is a necessary element of the crime of armed robbery. This assignment of error has no merit.

[2] Defendant next contends the court erred to his prejudice in charging the jury as follows: "The burden of proving an alibi does not rest upon the defendant to establish the defendant's guilt."

Thereafter, the trial court properly charged the jury as to the burden of proof as to the defense of alibi. The specific sentence complained of by appellant was simply *lapsus linguae* and not prejudicial. *State v. Sanders,* 280 N.C. 81, 185 S.E. 2d 158 (1971). The court charged in several places that appellant contended he was someplace else, and that the State had the burden of proving his presence. This is a correct instruction on alibi. *State v. Cook,* 280 N.C. 642, 187 S.E. 2d 104 (1972).

[3] Defendant assigns as error the denial of his motion to poll the jury.

"In order to determine whether the verdict of the jury is unanimous, it is the right of every defendant to have the jury polled. *S. v. Young,* 77 N.C. 498; *S. v. Boger,* 202 N.C. 702, 163 S.E. 877. However, this right must be exercised at the time the jury returns its verdict or before the jury is discharged, otherwise the right is deemed to have been waived. *S. v. Toole,* 106 N.C. 736, 11 S.E. 168." *State v. Cephus,* 241 N.C. 562, 564, 86 S.E. 2d 70, 71 (1955).

This assignment of error is not sustained since the record clearly shows the defendant's motion to poll the jury was first made after the jury had been discharged and some of the jurors had been selected for the trial of a "first degree case" and others had left the courtroom.

Defendant has other assignments of error which we have carefully considered and find to be without merit.

Defendant had a fair trial free from prejudicial error.

No error.

Judges CAMPBELL and BALEY concur.