State v. McRae

---

STATE OF NORTH CAROLINA v. CHARLES LEVONE McRAE, NATHEL JARONE HARLEY

No. 7616SC617

(Filed 2 February 1977)

1. **Criminal Law §§ 91, 102— defendants' failure to testify — statement by district attorney in prior case — denial of continuance proper**

   Where the district attorney, in a case heard prior to defendants' case, stated that "when a defendant refuses to testify, he may have a criminal record to hide," and the remarks were made in the presence of the venire which was to try defendants' case, the trial court did not err in denying defendants' motion for a continuance, since the trial judge made sure that defendants' case was to be tried by one other than the district attorney who made the remarks; and the court polled the jury to determine whether they were influenced by the remarks, and all jurors replied that their verdicts were not affected thereby.

2. **Criminal Law § 75— oral statement reduced to writing — voluntariness**

   Evidence on *voir dire* was sufficent to support the findings of the trial court that one defendant was advised of his constitutional rights before he made an oral statement; the statement was reduced to writing, but defendant refused to sign it; and the statement was made voluntarily and understandingly.

3. **Criminal Law § 126— unanimity of verdict — instructions — surrender of conscientious convictions**

    When instructing the jury that the verdict must be unanimous, the trial court is not required to charge that no juror should surrender his conscientious convictions in order to reach a verdict.

4. **Criminal Law § 163— jury instructions — objections — time for making**

    Generally, objections to the charge in reviewing the evidence and stating the parties' contentions must be made before the jury retires so that the trial judge has the opportunity to correct them; otherwise they are deemed waived and will not be considered on appeal.

5. **Criminal Law §§ 29, 136— mental capacity to plead and receive sentence**

    Evidence was sufficient to support the trial court's finding that one defendant was mentally competent to stand trial and able to receive sentence.

APPEAL by defendants from *Braswell, Judge.* Judgment entered for defendant Harley on 9 April 1976 and for defendant McRae on 1 June 1976. Heard in the Court of Appeals 11 January 1977.

Both defendants were charged with armed robbery and defendant Harley was also indicted for carrying a concealed weapon, reckless driving and driving 85 miles per hour in a 35 mile-per-hour zone. The defendants pleaded not guilty to the charges and were convicted by a jury on all counts. Defendant McRae was sentenced to imprisonment for a term of 31 years, and defendant Harley was sentenced to imprisonment for 30 years on the armed robbery charge, 6 months on the concealed weapon charge and 30 days on the speeding charge.

The State introduced evidence which tended to show, *inter alia,* that on 29 December 1975, Myra McLaughlin was employed in Red Springs at a convenience food store known as the Short Stop No. 2. At approximately 9:30 p.m. that evening, two men, subsequently identified by McLaughlin as the defendants, entered the store. One was wearing a burgundy toboggan with yellow trim, a brown jacket and dark glasses. The other man wore a green jump suit with a parka hood and dark glasses. The man identified as defendant McRae pointed a gun at McLaughlin and ordered her to walk away from the cash register. Defendant Harley also carried a small gun. They then took money consisting of bills and rolls of coins from the cash drawer and the register, put it in a bank bag and fled the store.

Later that evening, Marshall McGee, a North Carolina Highway Patrolman, heard a police report of the incident and began searching for a green 1970 or 1971 Dodge or Plymouth. Shortly thereafter, he spotted a car fitting this general description and began pursuing it. The car increased its speed to 85 miles per hour, struck a guy wire and skidded to a stop. Two men, identified as defendants, got out of the car carrying a white bag and another object and ran into a dead-end alley where they were blocked off by McGee. McGee ordered the defendants to stop and placed them under arrest. In the alley, McGee found a money bag containing bills and coins, green coveralls, a cocked pistol, a hood, and other items. A .32 caliber pistol was subsequently discovered on defendant Harley's person.

Defendants' evidence tended to show, *inter alia*, that on 29 December 1975, they had gone to a little club in Red Springs where they remained until 8:30 or 9:00 p.m. They left to go to another club and were walking down the streets of Red Springs when they saw "fireworks." They ran in an alley in the direction of the "fireworks" where they were arrested by Patrolman McGee.

Other relevant facts are set out in the opinion below.

*Attorney General Edmisten, by Associate Attorney Joan H. Byers, for the State.*

*I. Murchison Biggs, P.A., by Fred A. Rogers III and J. Gates Harris, for defendant appellants.*

MORRIS, Judge.

[1] In the course of a sentencing hearing in a case heard prior to defendants', the district attorney, referring to the defendant in that case, stated that "when a defendant refuses to testify, he may have a criminal record to hide." These remarks were made in the presence of the venire which was to try defendants' case. When their case was called, defendants moved for a continuance on the grounds that the district attorney's remarks were prejudicial. The court conducted a voir dire, determined that the district attorney would not be in charge of trying the present case, and denied the motions. After the jury returned their verdicts, the court inquired as to whether any of the jurors remembered the district attorney's statements and whether they

were influenced thereby. All jurors responded that the remarks had no effect whatsoever on their verdicts, and they were discharged. Defendants assign as error the trial judge's failure to grant their motions for a continuance.

Except where a motion for a continuance is based upon a right guaranteed by the United States or North Carolina Constitutions, such motion is addressed to the sound discretion of the trial court, whose ruling is not subject to review in the absence of an abuse of discretion. *State v. McCotter,* 288 N.C. 227, 217 S.E. 2d 525 (1975); *State v. Robinson,* 283 N.C. 71, 194 S.E. 2d 811 (1973). Failure to grant a continuance will result in a new trial only where the defendant can show that the court erred in denying the motion and that he was prejudiced thereby. *State v. Robinson, supra; State v. Penley,* 6 N.C. App. 455, 170 S.E. 2d 632 (1969). Here, the remarks were made in the presence of the venire from which defendants' jury was selected. However, the statements concerned a defendant in an unrelated case. The trial judge made sure that defendants' case was to be tried not by the district attorney who made the remarks but by an assistant prosecutor. Further, the court polled the jury to determine whether they were influenced by the statement, and all jurors replied that their verdicts were not affected thereby. Under these circumstances, we fail to see how defendants were prejudiced by the denial of their motion. While it is true, as defendant correctly points out, that the prosecutor may not comment upon the failure of a criminal defendant to testify, *State v. Monk,* 286 N.C. 509, 212 S.E. 2d 125 (1975), this rule has no application to the present case, where the comments were made by a different prosecutor regarding different criminal defendants and where no prejudice has resulted. Suffice it to say that we find no abuse of discretion by the trial judge. Accordingly, these assignments of error are overruled.

[2] Defendants' next assignment of error relates to an unsigned statement allegedly made by defendant Harley which was admitted over objection at trial. State's evidence on voir dire tended to show that Harley, after being advised of his rights, made certain incriminating statements in the presence of Red Springs Police Chief Haggins and Officer Parnell; that these remarks were reduced to writing by Chief Haggins and presented to Harley for his signature; and that Harley refused to sign the statement. Harley testified that he did not sign the statement because " . . . it wasn't what happened at all." De-

fendants point out discrepanies between the testimony of Chief Haggins, who transcribed the statement, and the statement itself. They contend that these "inaccuracies" in the unsigned writing indicate that it was not a correct summary of Harley's statements and should not have been allowed into evidence. Though the evidence regarding the statement's accuracy was conflicting, the trial court found as a fact that Harley was fully advised before questioning of all his constitutional rights and thereafter gave an oral statement which was reduced to writing by Chief Haggins. The court then concluded as a matter of law that Harley, with a full understanding of his rights " . . . did then purposely, freely, knowingly and voluntarily waive each of these rights and thereupon made a voluntary statement to the officers as disclosed of (sic) this voir dire." It is well settled that findings of fact made by the trial judge and conclusions drawn therefrom on voir dire are binding on appeal if they are supported by competent evidence. *State v. Curry,* 288 N.C. 660, 220 S.E. 2d 545 (1975) ; *State v. West,* 17 N.C. App. 5, 193 S.E. 2d 381 (1972), *cert. den.,* 282 N.C. 675, 194 S.E. 2d 155 (1973). Having reviewed the evidence on voir dire, we conclude, and so hold, that there was competent evidence to support the rulings of the trial court. This assignment of error is overruled.

[3]  At the conclusion of the charge to the jury, the trial judge instructed:

> "In a moment as you retire to your jury room, there select one from your number who will be your foreman, who will guide your deliberations for you and who will announce your verdict for you in open Court when it has been unanimously agreed upon. Thus, you will readily see that it is a requirement of our North Carolina law that in order to be a jury verdict, all twelve minds must agree and concur on the same verdict."

Defendants assign as error this portion of the charge, contending that the judge should have also instructed the jurors that they "not do violence to their conscience in reaching this verdict." We disagree.

It is true that when a judge gives additional instructions urging a verdict, the better rule is that he also state that he is not expressing an opinion as to what the verdict should be and that no juror should surrender his conscientious convictions

or free will in order to agree on a verdict. See: *State v. McKissick*, 268 N.C. 411, 150 S.E. 2d 767 (1966) ; *In re Henderson*, 4 N.C. App. 56, 165 S.E. 2d 784 (1969). These additional admonitions were not given in this case. However, as defendants correctly note in their briefs, this rule applies when the jury has been unable to reach a unanimous verdict and the possibility arises that they may be coerced into a decision solely for the sake of unanimity. This certainly was not the case here. The portion of the charge to which defendants now object was given during the course of the other instructions to the jury. There was no evidence that the jury could not agree on a verdict or that they were coerced in any way. It is clear that the judge was simply informing the jury that they could not return a majority verdict. Since this portion of the charge could not have had a coercive effect on the jurors, there was no need for the additional instructions urged by the defendant. This assignment is without merit and is overruled.

[4]    In summarizing the State's evidence to the jury, the judge began "Briefly, the Court will recapitulate the evidence. There is evidence which tends to show that . . . " Defendants contend that the court erred in failing to note that it was beginning its summation by discussing the State's evidence. However, the record reveals that neither defendant objected to the summarization at trial. It is the general rule in North Carolina that objections to the charge in reviewing the evidence and stating the parties' contentions must be made before the jury retires so that the trial judge has the opportunity to correct them. Otherwise they are deemed waived and will not be considered on appeal. *State v. Hunt*, 289 N.C. 403, 222 S.E. 2d 234 (1976) ; *State v. Littlejohn*, 19 N.C. App. 73, 198 S.E. 2d 11, *cert. den.*, 284 N.C. 123, 199 S.E. 2d 661 (1973). Nonetheless, we have carefully reviewed the judge's charge and find no prejudicial error therein. This assignment is, therefore, overruled.

[5]    Defendants' final assignment of error concerns the trial court's finding that defendant McRae was competent to stand trial and receive sentence. At various points throughout the trial proceedings, McRae asked that he be sentenced to death. Sentencing was postponed so that he might undergo a presentence diagnostic study by the Department of Correction. Sentencing was again postponed, and the court ordered that he be committed to Dorothea Dix Hospital for a full mental examination. The Director of Forensic Services at Dorothea Dix Hos-

pital reported that McRae was sane and should be sentenced to prison. At a subsequent hearing, he was sentenced.

G.S. 15A-1001 states:

"(a) No person may be tried, convicted, sentenced, or punished for a crime when by reason of mental illness or defect he is unable to understand the nature and object of the proceedings against him, to comprehend his own situation in reference to the proceedings, or to assist in his defense in a rational or reasonable manner. . . . "

Defendant McRae maintains that he did not " . . . comprehend his own situation in references to the proceedings . . . " and that, therefore, he should not have been allowed to stand trial and receive sentence. We disagree.

The trial judge specifically found that defendant McRae was competent to stand trial and able to receive sentence. Although the evidence on defendant's capacity was conflicting, this determination was properly for the trial judge. So long as the findings were supported by competent evidence in the record, they must be upheld on appeal. *State v. Curry, supra; State v. West, supra.* Accordingly, we find no error.

No error.

Chief Judge BROCK and Judge BRITT concur.