STATE OF NORTH CAROLINA v. DOCK McCOY, JR.

No. 7720SC445

(Filed 7 December 1977)

1. **Criminal Law § 89.3— witness's prior statements—admissibility for corroboration**

   Prior consistent statements of a witness are admissible to corroborate his testimony.

2. **Criminal Law §§ 113.9, 114— jury instructions—expression of opinion—misstatement of evidence**

   The defendant has the burden of proving an improper expression of opinion by the trial court during jury instructions and that such an expression was prejudicial; defendant must also call a misstatement of the evidence to the attention of the trial judge, or such misstatement may not be the basis for a proper assignment of error.

3. **Assault and Battery § 15.3; Weapons and Firearms— jury instructions—facts constituting assault—shotgun as deadly weapon—intent to kill not defined**

   In a prosecution for assault with a deadly weapon with intent to kill inflicting serious injury and discharging a firearm into an occupied dwelling, the trial court properly described the facts constituting the assault for which

defendant was charged, properly instructed the jury that a shotgun is a deadly weapon and that the term firearm is self-explanatory, and did not err by failing to define intent to kill, since that phrase is also self-explanatory.

**4. Assault and Battery § 15.6— self-defense—jury instructions**

In a prosecution for assault with a deadly weapon with intent to kill inflicting serious injury and discharging a firearm into an occupied dwelling, the trial court's instruction properly placed the burden of disproving self-defense upon the State, and the instruction also informed the jury that self-defense need be only apparently necessary.

APPEAL by defendant from *Barbee, Special Judge.* Judgment entered 17 February 1977 in Superior Court, RICHMOND County. Heard in the Court of Appeals 19 October 1977.

Defendant was indicted for four counts of assault with a deadly weapon with intent to kill inflicting serious injury and one count of discharging a firearm into an occupied dwelling. It was stipulated that the charges would be consolidated for trial. Defendant entered a plea of not guilty to all five indictments and the jury returned a verdict of guilty to four counts of misdemeanor assault with a deadly weapon and guilty to discharging a firearm into an occupied dwelling. From a judgment sentencing him to imprisonment for a term of 8 to 10 years for discharging a firearm and 2 years to run concurrently on the four consolidated assault charges, defendant appealed.

The State presented evidence tending to show: that on 26 December 1976 around 10:00 p.m. a number of people were gathered in Allred's Grocery in Rockingham; that defendant was seen outside the front window of the grocery with a shotgun; that defendant pointed the gun toward the window and discharged a shot through the plate glass window wounding four people; that after firing the shot defendant walked into the store and threatened to kill all the "son of a bitches" present. Police officers testified that a 12 gauge shotgun shell was found on the sidewalk outside the store, that there was a hole in the left glass window of the store, and that a 12 gauge shotgun was found inside defendant's apartment.

The defendant claimed self-defense and testified that on 26 December around 7:00 or 8:00 p.m. the four men wounded by the shotgun blast jumped defendant, beat him up, and took his money; that defendant then ran to his room and got a shotgun;

that the four men chased the defendant to his apartment; that when they saw his shotgun they began to retreat; that defendant fired one shot into the air; that the four men, thinking the shotgun to be single barrelled, turned again and began to come at the defendant; that defendant managed to reload and fire again before the four victims of the blast could get close enough to disarm him and that it was this second blast which wounded the four assailants. Defendant testified that he shot the four men because he was afraid they would harm him.

*Attorney General Edmisten, by Assistant Attorney General Robert R. Reilly, for the State.*

*Webb, Lee, Davis, Gibson and Gunter, by Hugh A. Lee, for defendant appellant.*

MORRIS, Judge.

[1] The defendant's first assignment of error is directed to the admission of testimony of prior consistent statements to corroborate the testimony of witness Bostick. The defendant concedes that present law allows such corroborating testimony but argues that this rule of law should be changed. Recently, our Supreme Court quoting 1 Stansbury's N.C. Evidence, § 51 (Brandis Rev. 1973) with approval stated that "[t]he admissibility of prior consistent statements of the witness to strengthen his credibility has been challenged by counsel and reaffirmed by the Court in scores of cases." *State v. Patterson*, 288 N.C. 553, 571, 220 S.E. 2d 600 (1975), *modified on other grounds* 428 U.S. 904, 49 L.Ed. 2d 1211, 96 S.Ct. 3211. The rule has endured and we are not at liberty to change it.

[2] By assignments of error Nos. 4 and 5, the defendant contends that the trial judge erred in his charge to the jury by relating the evidence in such a way as to convey an opinion that he favored the State. The defendant does not illustrate his contention that the judge favored the State in his summation of the evidence and we have reviewed the charge to the jury and conclude that the trial judge fairly and accurately summarized the contentions of the defendant and the State to the jury. The defendant has the burden of proving an improper expression of opinion and that such an expression was prejudicial. *State v. Green*, 268 N.C. 690, 151 S.E. 2d 606 (1966). This the defendant has failed to do. The

defendant does contend that at one point the trial judge misstated the evidence in his summary but he did not call this to the attention of the judge. A misstatement of the evidence, which is not called to the attention of the trial judge, may not be the basis for a proper assignment of error. *State v. Baldwin*, 276 N.C. 690, 174 S.E. 2d 526 (1970); *State v. Littlejohn*, 19 N.C. App. 73, 198 S.E. 2d 11, *cert. denied* 284 N.C. 123, 199 S.E. 2d 661 (1973).

**[3]** By his next assignment of error the defendant contends that the trial judge erred in his charge to the jury on the indictments for assault with a deadly weapon with intent to kill by: (1) not describing the assault; (2) not defining the term "firearm" or instructing the jury that a shotgun is a deadly weapon; and (3) not explaining what constitutes an "intent to kill". This assignment of error is without merit. First, the charge to the jury must be construed as a whole and in his summary of the evidence the trial judge included an adequate description of the facts constituting the assault for which the defendant was charged. *State v. Tomblin*, 276 N.C. 273, 171 S.E. 2d 901 (1970). It was not necessary to repeat the evidence as it related to each charge on five counts of assault with a deadly weapon with intent to kill. Furthermore, if the defendant objected to the court's summary of the evidence regarding the assault, or preferred fuller instructions as to the evidence or contentions, he should have so requested and failure to do so precludes him from assigning this as error. *State v. Littlejohn*, *supra*. Second, the record reveals that the judge did, in fact, instruct the jury that a shotgun is a deadly weapon, and the term firearm is self-explanatory and requires no definition. It is not error for the court to fail to explain words of common usage in the absence of a request for special instruction. *State v. Jennings*, 276 N.C. 157, 171 S.E. 2d 447 (1969). At any rate, the indictments were for assault with a deadly weapon, not assault with a firearm. The judge properly defined what constitutes a deadly weapon and instructed the jury that a shotgun met this criterion. The use of the word "firearm" would not confuse the jury on this point and did not constitute prejudicial error. Third, it has been held that the phrase "intent to kill" is self-explanatory and the trial judge is not required to define the term in his charge. *State v. Plemmons*, 230 N.C. 56, 52 S.E. 2d 10 (1949).

**[4]** The defendant's next assignment of error is directed to the trial judge's charge on self-defense. He contends that the charge

was vague, confusing to the jury, and that the judge failed to instruct the jury that self-defense need be only apparently necessary. We disagree. The language regarding self-defense to which defendant excepted is as follows:

> "On the other hand, and so I charge you further, that the assault by the defendant would be justified on the ground of self-defense, and it would be your duty to return a verdict of not guilty if under the circumstances as they existed at the time of the assault, the State has failed to satisfy you beyond a reasonable doubt of the absence on the part of the defendant, of a reasonable belief that he the defendant, was about to suffer death or great bodily harm at the hands of Mark Leonard Bostick, Jackie Nicholson, Russell Brandy and William James Everett, or that the defendant used more force than reasonably appeared to him the defendant, to be necessary, or that the defendant was the aggressor."

The portion of the charge relating to self-defense, while certainly not a model, was adquate as it placed the burden of disproving the elements of self-defense upon the State in compliance with *Mullaney v. Wilbur*, 421 U.S. 684, 44 L.Ed. 2d 508, 95 S.Ct. 1881 (1975); and *State v. Hankerson*, 288 N.C. 632, 220 S.E. 2d 575 (1975), *rev. on other grounds*, 432 U.S. 233, 53 L.Ed. 2d 306, 97 S.Ct. 2339. This charge placing the burden of disproving self-defense upon the State was repeated to the jury on eight occasions. There can be no doubt that the jury was adequately informed regarding the law on this issue. The contested language also preserved the benefit of "apparent necessity" in self-defense. This assignment of error is overruled.

The defendant's last assignment of error is directed to the charge to the jury on the offense of discharging a firearm into an occupied dwelling. The defendant contends that the judge failed to instruct the jury that discharging of the firearm must be without legal justification or excuse. This contention is without merit. In instructing the jury as to the elements of the crime, the judge charged that the State must prove that the defendant "wilfully or wantonly and intentionally discharged a shotgun into the building of Grady Allred". Immediately thereafter he defined wilfully as meaning "intentionally and without just cause or excuse. . .". This assignment of error is overruled.

The defendant also assigns as error the entry of judgment and the failure of the trial court to set aside the verdict and grant a new trial. Defendant's motions to set aside the verdict and to grant a new trial are addressed to the discretion of the trial judge and refusal to grant them is not reviewable in the absence of an abuse of discretion. *State v. Lindley*, 286 N.C. 255, 210 S.E. 2d 207 (1974). We have concluded that there was no prejudicial error in the trial, and this assignment of error is without merit.

No error.

Judges VAUGHN and CLARK concur.