State v. Brown

STATE OF NORTH CAROLINA v. GERALD BROWN

No. 818SC761

(Filed 16 March 1982)

1. Criminal Law § 113.1— recapitulation of evidence—errors immaterial

Errors in the trial judge's recapitulation of the evidence to the jury were not prejudicial where he summarized one witness's testimony as being that he had first seen defendant on a certain day when in fact he had known defendant for an undetermined period, and where another witness's testimony was not summarized at all to the jury. It was clear to the jury that the first witness had not seen defendant during the time in which an alleged drug sale took place, regardless of the actual length of the witness's acquaintanceship with defendant, and the second witness's testimony was not exonerative but merely served to impeach the credibility of another witness.

2. Criminal Law § 66.9— photographic identification—no suggestiveness in procedure—in-court identification of independent origin

The trial court did not err in its conclusions that a pretrial photographic identification procedure was not unnecessarily suggestive or conducive to mistaken identification, and that an in-court identification of defendant was of independent origin where (1) a deputy conversed with defendant for four or five minutes, from a distance of between one and two feet, (2) lighting conditions were good, (3) the deputy could see defendant clearly and concentrated on his features so he could identify him later, (4) the deputy made notes of the transaction, which included a description of defendant, (5) the deputy picked defendant's photograph from a series of ten photographs which were of people from whom he had bought drugs, (6) there were no names or identifying markings on the photographs, and (7) the deputy was able to retain a mental image of the facial features of defendant until he saw defendant in the courtroom.

3. Constitutional Law § 50— delay in prosecution—failure to show intent by State

Where defendant claimed that he was prejudiced by an intentional three-month delay in commencing prosecution, he failed to allege or make any showing that the State delayed his indictment in order to weaken his ability to defend himself. Even had defendant suffered prejudice by the delay, he failed to show any intent on the part of the State to impair his defense.

4. Criminal Law § 111.1— instructions on identification—sufficient

The trial court did not commit reversible error by its failure to instruct the jury that a witness's identification of defendant as the perpetrator of the offense must have been the product solely of his recollection as (1) the case exhibited none of the special difficulties often presented by identification testimony that would require additional information, (2) the attention of the jury was sufficienlty focused on the issue of identity without the omitted instructions, (3) the Pattern Jury Instruction was not requested by defendant,

and (4) the witness made an unqualified identification of defendant from a photographic array and at trial.

APPEAL by defendant from *Allsbrook, Judge.* Judgment entered 8 April 1981 in Superior Court, LENOIR County. Heard in the Court of Appeals 6 January 1982.

Defendant was indicted for the felonious possession of marijuana with intent to sell and felonious sale and delivery of marijuana.

The evidence adduced at trial tended to show that Craven County Deputy Sheriff Cornelius L. Fletcher was working with the Lenoir County Sheriff's Department and the Kinston Police Department in an undercover capacity on 17 October 1980. At approximately 9:00 p.m., Fletcher was at the parking lot of the Eagle Taxi Stand in Kinston. He was approached by an individual identified as the defendant. Defendant asked Deputy Fletcher if he wanted to buy any marijuana. Fletcher bought two envelopes of marijuana from defendant. Deputy Fletcher was the only witness to the alleged sale.

Approximately six to eight weeks after the sale, Deputy Fletcher picked defendant's photograph from a photographic array containing likenesses of people previously charged with criminal offenses, from whom Deputy Fletcher had bought either drugs or alcohol. The trial court found on voir dire that the pretrial identification procedure was not unnecessarily suggestive and did not taint Fletcher's in-court identification.

Defendant testified that on the day of the alleged sale he had worked as a wall plasterer. He came home after work, took a shower and ate, then went out. He said that he had plans to meet Ella Burney at a local club at about 10:00 or 10:30 p.m. He was attired in a grey suit and black leather overcoat. Miss Burney met defendant at about 10:00. She corroborated his testimony as to how he was dressed that evening.

Defendant appeals from convictions of felonious possession of marijuana with intent to sell and deliver and of felonious sale and delivery of marijuana, and a judgment of imprisonment.

*Appellate Defender Adam Stein, by Assistant Appellate Defender Nora B. Henry, for defendant appellant.*

*Attorney General Edmisten, by Associate Attorney Barry S. McNeill, for the State.*

MORRIS, Chief Judge.

[1] Defendant assigns error to the trial court's summary of defendant's evidence, alleging material misstatements of the testimony of William Dudley, owner and operator of the Eagle Taxi Stand, and omission of Ella Burney's testimony. Defendant asserts that the jury could have inferred from such irregularities that the judge expressed an opinion, rendering the summary prejudicial. We disagree.

"It is well settled in this jurisdiction that in determining the propriety of the trial judge's charge to the jury, the reviewing court must consider the instructions in their entirety, and not in detached fragments." *State v. Wright,* 302 N.C. 122, 127, 273 S.E. 2d 699, 703 (1981). When reviewed contextually, it is evident that the trial judge's charge included an even recapitulation of the evidence presented by both defendant and the state. The trial court abbreviated the testimony of defendant's witness, Dudley, as follows:

> Mr. William K. Dudley testified that he owns and operates the Eagle Taxi Stand and was operating it on October 17, 1980, and that he is there most of the time and he knows that the lights were very bad around that company on October 17, 1980; that the city has installed one or more lights around there within the past two months but that did not exist on October 17, 1980; that yesterday was the first time that he has ever seen the defendant and that he knows most of the people who are there, at least knows them by face and he's never seen the defendant before yesterday.

In fact, Dudley testified that he had known defendant for an undetermined period but that the first time he saw defendant near the taxi stand was the day before the trial. We deem the trial judge's misstatment immaterial, since the judge accurately recalled that Dudley testified he had not seen defendant at the taxi stand until the day before trial. The defendant has the

burden of proving an improper expression of opinion and that such an expression was prejudicial. *State v. Green,* 268 N.C. 690, 151 S.E. 2d 606 (1966). Defendant has failed to make such a showing. It must have been clear to the jury after the instructions were given that Dudley had not seen defendant at the stand during the time period in which the alleged drug sale took place, regardless of the actual length of Dudley's acquaintanceship with defendant.

Nor was there prejudicial error in the trial judge's omission of Miss Burney's testimony from his summary. The law does not require recapitulation of all the evidence in the charge of the court to the jury. The judge is required to state the evidence only to the extent necessary to explain the application of the law to the evidence. *State v. Looney,* 294 N.C. 1, 240 S.E. 2d 612 (1978). Miss Burney said that she met defendant at approximately 10:00 on 17 October, but did not know his whereabouts prior to that time. She otherwise corroborated defendant's recollection of what he was wearing that evening. Her testimony was, therefore, not exonerative, but merely served to impeach the credibility of Fletcher. Since the testimony of neither Dudley nor Miss Burney was "substantive evidence which would exculpate defendant, the trial judge was not required to summarize this evidence in order to explain and apply the law to the evidence in this case." *State v. Adcox,* 303 N.C. 133, 141, 277 S.E. 2d 398, 403 (1981).

Furthermore, the record fails to show that any misstatement or omission in the court's summary of the evidence was brought to the attention of the court prior to the jury's retiring. In this case, as in the matter of *State v. McCoy,* 34 N.C. App. 567, 239 S.E. 2d 300 (1977), "the defendant contends that the trial judge erred in his charge to the jury by relating the evidence in such a way as to convey an opinion that he favored the State." *Id.* at 569, 239 S.E. 2d at 302. We held in *McCoy* that "[a] misstatement of the evidence, which is not called to the attention of the trial judge, may not be the basis for a proper assignment of error." *Id.* at 570, 239 S.E. 2d at 302. Defendant's dereliction in bringing the misstatement and omission of evidence to the attention of the court, his failure to show prejudice, the nonexculpatory nature of the testimony, and the court's issuance of cautionary instructions, require dismissal of this assignment of error.

[2] Defendant next assigns error to the ruling of the trial court regarding the pretrial identification procedures and subsequent in-court identification on the grounds that the photographic identification procedure was suggestive and that the evidence was insufficient to support the trial court's findings of fact and conclusions of law, and its ruling that the in-court identification was of independent origin.

The issue in evaluating a pretrial photographic identification procedure is whether the procedure was "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *State v. Legette*, 292 N.C. 44, 51, 231 S.E. 2d 896, 900 (1977), *quoting Simmons v. U.S.*, 390 U.S. 377, 19 L.Ed. 2d 1247, 88 S.Ct. 967 (1968).

> Factors to be considered in evaluating the likelihood of mistaken identification include (1) the opportunity of the witness to view the criminal at the time of the crime, (2) the witness' degree of attention, (3) the accuracy of the witness' prior description of the criminal, (4) the level of certainty demonstrated by the witness at confrontation, and (5) the length of time between the crime and the confrontation.

*State v. Dunlap*, 298 N.C. 725, 732, 259 S.E. 2d 893, 896-97 (1979); *State v. Legette*, supra at 51. The record discloses that Deputy Fletcher was shown an array, consisting of ten photographs. Eight of the photographs depicted young black males; one likeness was of a white male, and one was of a black female. Deputy Fletcher was told that the photographs were of people from whom he had bought drugs, but no one suggested to Fletcher which photograph he should choose, and there were no names or identifying markings on the photographs. The fact that Deputy Fletcher may have recognized others in the array does not make the proceeding so suggestive as to require exclusion of the identification testimony. His familiarity with the individuals depicted "is not in and of itself evidence of a lack of over-all fairness," *U.S. v. Sherman*, 421 F. 2d 198, 200 (4th Cir.), *cert. denied*, 398 U.S. 914, 26 L.Ed. 2d 78, 90 S.Ct. 1717 (1970), but is only one factor to be considered in determining whether the procedure is suggestive. There is nothing to indicate that the collection of photographs or the manner in which they were displayed was unduly suggestive or contributed to Deputy Fletcher's selection of defendant's photograph.

Based on his observations in the taxi stand lot, the deputy identified defendant's photograph as depicting the person who sold him marijuana on 17 October. Several facts confirm the reliability of his identification. Deputy Fletcher conversed with defendant for four or five minutes, from a distance of between one and two feet. Lighting conditions were good, there being a light at the taxi stand and a street light within 20 or 25 feet. Deputy Fletcher testified that he was able to see defendant clearly and that he concentrated on defendant's features so that he could identify him later. He made notes of the transaction, which included a description of defendant. He described defendant's face, hair style, and clothing with particularity. Deputy Fletcher picked defendant's photograph from the array, despite some changes in defendant's appearance after the photograph was made. Six to eight weeks elapsed between the crime and the pretrial identification procedure, but this time span was not so lengthy as to negate the reliability of Deputy Fletcher's identification. See *State v. Fate*, 38 N.C. App. 68, 247 S.E. 2d 310 (1978).

There is, moreover, sufficient evidence in the record to show that Deputy Fletcher's in-court identification had a basis independent of the photographic identification procedure. It was shown that Deputy Fletcher had a good opportunity to view defendant at the time of the sale. There is no discrepancy between his description given before the pretrial identification procedure and the description he gave on the stand. He identified no other person. Finally, he stated that "I was in the presence of the individual . . . about three or four minutes. . . . I was able to see and observe the facial features of the individual. . . . I was able to form a mental image of those features. I have been able to retain that mental image and the facial features of the individual . . . until this date. . . . I see the person in the courtroom today. That person is the defendant."

We hold that the facts found by the trial court are supported by the evidence, that the facts found support the conclusions made, and that the trial court did not err in its conclusions that the pretrial photographic identification procedure was not unnecessarily suggestive or conducive to mistaken identification, and that the in-court identification of defendant was of independent origin.

[3]  Defendant contends that the trial court erred by denying defendant's motion to dismiss for delay in commencing the prosecution. He claims that he was prejudiced by an intentional three-month delay because he was unable, due to the passage of time, to locate witnesses. Defendant, however, has failed to allege or make any showing that the state delayed his indictment in order to weaken his ability to defend himself.

.   .   .

[F]or a defendant to carry the burden on his motion to dismiss for preindictment delay violating his due process rights pursuant to the Fifth and Fourteenth Amendments, he must show both actual and substantial prejudice from the preindictment delay *and* that the delay was intentional on the part of the State in order to impair defendant's ability to defend himself or to gain tactical advantage over the defendant.

*State v. Davis*, 46 N.C. App. 778, 782, 266 S.E. 2d 20, 23, *cert. denied*, 301 N.C. 97 (1980), citing *U.S. v. Lovasco*, 431 U.S. 783, 52 L.Ed. 2d 752, 97 S.Ct. 2044, *rehearing denied*, 434 U.S. 881, 54 L.Ed. 2d 164, 98 S.Ct. 242 (1977). Defendant maintains only that the delay in the case at bar was intentional in order to avoid revealing the identity of Deputy Fletcher. Even had defendant suffered prejudice by the delay, he has failed to show any intent on the part of the state to impair his defense. This assignment of error is, therefore, overruled.

[4]  By his final assignment, defendant contends that the trial court committed reversible error by its failure to instruct the jury that Deputy Fletcher's identification of defendant as the perpetrator of the offense must have been the product solely of his recollection, derived only from observations made at the time of the drug sale. The court instructed on the identification issue as follows:

Now, ladies and gentlemen of the jury, I instruct you that the State has the burden of proving the identity of the defendant as the perpetrator of the crimes charged. This means that you, the jury, must be satisfied beyond reasonable doubt that the defendant was the perpetrator of the crimes charged before you may return a verdict of guilty. The main aspects of identification are the observations of the offender by the

witness, Mr. Fletcher at the time of the crime offense. In examining the testimony of the witness as to his observations of the perpetrator at the time of the crimes, you should consider all the relevant facts, including the capacity of the witness to make an observation through his senses, the opportunity the witness had to make an observation and such details as the lighting at the scene of the crimes at the time, the mental and physical condition of the witness, the length of time of the observation, and any other condition or circumstances which might have aided or hindered the witness in making the observation. The identification witness is a witness just like any other witness; that is you shall assess the credibility of the identification witness in the same way you would with any other witness in determining the adequacy of his observation and his capacity to observe. As I have instructed you earlier the State must prove beyond a reasonable doubt that the defendant was the perpetrator of the crimes charged. If after weighing all the testimony you are not satisfied beyond a reasonable doubt that the defendant was the perpetrator of the crimes charged, it would be your duty to return a verdict of not guilty as to all charges.

Defendant contends, as did the defendant in *State v. Martin*, 53 N.C. App. 297, 280 S.E. 2d 775 (1981), that the trial judge should have included the following portion of the North Carolina Pattern Jury Instructions—Criminal, § 104.90, on identification:

However, your consideration must go further. The identification of the defendant by the witness as the perpetrator of the offense must be purely the product of the witness' recollection of the offender and derived only from the observation made at the time of the offense. In making this determination you should consider the manner in which the witness was confronted with the defendant after the offense, the conduct and comment of the persons in charge of the (described procedure) and any circumstances or pressures which may have influenced the witness in making an identification, and which cast doubt upon or reinforced the accuracy of the witness' identification of the defendant.

We find, as we did in *Martin*, that "this case 'exhibits none of the special difficulties often presented by identification testimony

Rorie v. Holly Farms

that would require additional information be given to the jury in order for us to repose confidence in their ability to evaluate the reliability of the identification.' " *Id.* at 301, 280 S.E. 2d at 778, *quoting State v. Lang*, 46 N.C. App. 138, 145, 264 S.E. 2d 821, 826, *rev'd. on other grounds*, 301 N.C. 508, 272 S.E. 2d 123 (1980).

The instruction on identification given in this case was very much like the instruction given in *Martin*, in that it addressed the question of identification, the state's burden of proving the identity of the perpetrator, the factors to be considered in determining the reliability of the witness' identification testimony, and reasonable doubt. "The attention of the jury, therefore, was sufficiently focused on the issue of identity without the omitted instructions." *State v. Martin, supra* at 301, 280 S.E. 2d at 778. Further, the pattern jury instruction or its substantial equivalent was not requested by defendant. *Id.* Finally, Fletcher made an unqualified identification of defendant from the photographic array and at trial. Therefore, even though the court omitted a portion of N.C.P.I.—Criminal, § 104.90, the charge, when viewed as a whole, was sufficient on the issue of identification.

In the trial of defendant, we find

No error.

Judges HEDRICK and MARTIN (Robert M.) concur.