INMAN, Judge.
When the trial court responds to questions from the jury with a supplemental instruction suggested by defense counsel, and defense counsel voices no objection to the instruction, the defendant waives any objection and has no recourse on appeal.
Antwon Terrell Rogers ("Defendant") appeals his conviction and sentencing for felony possession of a firearm following a jury trial. Defendant argues that the trial court (1) failed to follow the statutory mandate to instruct the jury as to all substantial matters of law; (2) failed to adequately answer jury inquiries; and (3) erred in determining the statutory sentencing range that applied to Defendant. After careful review, we conclude that Defendant has failed to demonstrate error.
Factual and Procedural Background
On 23 July 2012, Defendant was indicted for (1) possession of a firearm by a felon and (2) possession of a stolen firearm. On 11 December 2012, Defendant was indicted for having attained the status of a habitual felon.
Defendant was initially tried before a jury in April 2013. The jury found Defendant guilty of possession of a firearm by a felon and having attained the status of a habitual felon, and not guilty of possession of a stolen firearm. At sentencing, defense counsel stipulated that Defendant had 11 prior criminal convictions with a prior record level IV for felony sentencing. Included in this stipulation were two convictions, one for felony breaking and entering and one for larceny. However, this stipulation was in error as these convictions had been dismissed in 1993 when Defendant pleaded guilty to possession of stolen property.[1] Absent this error, Defendant would have had a prior record level III based upon his prior convictions. The trial court mistakenly determined that Defendant was a prior record level IV and imposed an active sentence of 93-124 months. Defendant appealed his convictions and filed a motion for appropriate relief regarding his sentencing. In State v. Rogers ("Rogers I "), this Court ordered Defendant a new trial and dismissed as moot Defendant's motion for appropriate relief. 236 N.C. App. 201, 203, 762 S.E.2d 511, 512 (2014).
The evidence at Defendant's second trial, from which this appeal arises, tended to show the following:
On 18 June 2012, police, who had an outstanding warrant for Defendant's arrest, learned that he had entered a friend's house on North King Charles Road in Raleigh, North Carolina. Officers knocked on the front door and asked if Defendant was there, and Defendant emerged from the residence peacefully and without resistance. Police handcuffed and searched Defendant and found nothing illegal on Defendant's person. While standing in the doorway, officers detected the scent of marijuana coming from inside the house. Officers obtained consent to search the house and asked everyone to step outside.
In the course of their search, officers found a purse belonging to Felisha Sandifer ("Sandifer"), Defendant's then girlfriend. The purse contained four-and-a-half grams of marijuana, keys, and a loaded ammunition clip designed for use with a handgun. The clip had the words "Detroit Police Department" stamped on it. Sandifer initially admitted to owning both the marijuana and the clip, and told the officers the matching gun was located in her car. Officers told her that if the gun was determined to be stolen, she would be taken to jail. Sandifer then changed her story and told the officers that the clip and the gun belonged to Defendant.
Sandifer had seen Defendant with the gun on two prior occasions. The first was several weeks before Defendant's arrest, when Defendant retrieved it from a shelf in Sandifer's bedroom after having spent the night with her. The second was approximately a week before Defendant's arrest when Defendant showed her the gun after leaving one of Defendant's friend's house. Sandifer also thought she saw a portion of the gun underneath the passenger seat in her car on the day of Defendant's arrest.
Following the presentation of the evidence, the trial court instructed the jury using the North Carolina Pattern Jury Instructions for actual and constructive possession of a firearm by a felony. Defense counsel raised a concern about the pattern instruction regarding constructive possession, which the trial court overruled and which is not at issue in this appeal. Defense counsel requested no other special instructions.
During its deliberations, the jury presented a note posing two questions to the trial court: "Can a convicted felon have possession of a gun clip?" and "Is it against the law for him to possess a clip/ammunition?" The trial court, after conferring with counsel, provided, inter alia , the following supplemental instruction to jurors: "[a] clip alone does not constitute a weapon."
The jury resumed its deliberations and found Defendant guilty of possession of a firearm by a felon. Defendant then pleaded guilty to having attained the status of a habitual felon. The trial court determined that Defendant was a prior record level IV for sentencing based on an accurate history of his prior convictions as well as the fact that he committed the offense while on probation for a prior offense. The trial court sentenced Defendant to 89-119 months in prison. Defendant gave notice of appeal in open court.
Analysis
I. Jury Instructions
Defendant contends that the trial court erred in its initial jury instruction regarding the elements of possession of a firearm by a felon, because the trial court failed to provide any guidance on the legality of possession of a clip and the trial court's response to the jury's inquiry was inadequate. We disagree.
A. Standard of Review
Defense counsel did not object to the instructions he challenges on appeal and did not request any special instruction. However, Defendant does assert the trial court's error amounted to plain error on appeal and we therefore apply this standard of review. N.C. R. App. P. 10(c)(4) ; State v. Gregory , 342 N.C. 580, 584, 467 S.E.2d 28, 31 (1996).
To show plain error, "a defendant must demonstrate that a fundamental error occurred at trial." State v. Lawrence , 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012) (citation omitted). "To show that an error was fundamental, a defendant must establish prejudice-that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty."Id. (quotation marks and citation omitted). "[P]lain error is to be 'applied cautiously and only in the exceptional case,' the error will often be one that 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings[.]' " Id. (second alteration in original) (quoting State v. Odom , 307 N.C 655, 660, 300 S.E.2d 375, 378 (1983) ).
B. Initial Jury Instruction
"The presiding judge in his charge to the jury must declare and explain the law arising on the evidence relating to each substantial feature of the case." State v. Everette , 284 N.C. 81, 87, 199 S.E.2d 462, 467 (1973) ; see N.C. Gen. Stat. § 15A-1232 (2015). The trial court met this standard by providing all relevant pattern jury instructions, with the consent of counsel, regarding the crime of possession of a firearm by a felon. The pattern instruction regarding possession of a firearm by a felon does not provide a definition of the term "firearm." 1 N.C.P.I.-Crim. 254A.11 (June 2015). This Court has previously held that "the term firearm is self-explanatory and requires no definition." State v. McCoy , 34 N.C. App. 567, 570, 239 S.E.2d 300, 302 (1977). Assuming, arguendo , the pattern instruction regarding the elements of possession of a firearm by a felon was insufficient in this case, any asserted prejudice was avoided by the trial court's supplemental instruction to jurors.
Finally, Defendant's argument that the trial court's instruction was insufficient presumes the jury found Defendant guilty based on his possession of the clip, which was found in his girlfriend's purse. This theory conflicts with the presumption jurors followed the trial court's supplemental instruction, and ignores the evidence sufficient for the jury to find Defendant guilty based upon his possession of the gun found in his girlfriend's car. Defendant's appeal does not challenge the sufficiency of the evidence to support his conviction.
Accordingly, Defendant has not shown the trial court's initial jury instruction was in error.
C. Response to Jury Inquiry
Defendant next contends that the trial court failed to respond adequately to questions posed by the jury during its deliberations. Defendant is barred from raising this argument on appeal because the challenged supplemental instruction was based on language suggested to the trial court by defense counsel.
After receiving the jury's questions about whether Defendant was prohibited by law from possession of a clip, the trial court conferred with counsel outside the presence of the jury and suggested providing the statutory definition of a firearm, which was not included in the pattern jury instructions. The trial court noted that the statute establishing the offense of possession of a firearm by a felon, N.C. Gen. Stat. § 14-415.1 (2015), provides a definition of firearm that refers to a frame and a receiver but does not expressly include or exclude a description of a clip. Defense counsel argued that a clip could not fall within the statutory definition, and offered a detailed analysis of the inner workings of a firearm. The trial court proposed an answer to the jury's questions that included a description of the inner workings of a firearm as argued by defense counsel and included the statement that "[a] clip alone does not constitute a weapon."
The jury returned to the courtroom and the trial court instructed the jurors as follows:
So ladies and gentleman, let me answer your question the best that I can. In the context of this case, a firearm is defined as follows: (i), Any weapon, including a starter gun, which will or is designed to, or may readily be converted to expel a projectile by the action of an explosive or its frame or receiver; or (i), any firearm muffler or firearm silencer. This section does not apply to an antique firearm. The word "frame" in there is to be given its ordinary and everyday meaning. The word "receiver" means the inner workings of a gun, that portion which receives a bullet from the magazine that contains the firing mechanism or the trigger mechanism. A clip alone does not constitute a weapon. So ladies and gentlemen, having answered your question, your specific question as best I can, I instruct you that you should consider not only this instruction, but all the prior instructions that I have given you both orally and in writing.
(emphasis added). Asked if he objected to the instruction after the jurors left the courtroom to resume their deliberations, defense counsel said, "No, sir."
An error in a jury instruction is invited error when the defendant "help[s] draft [an amended instruction] and communicate[s] to the trial court that he was satisfied with the instruction that was given[.]" State v. Yang , 174 N.C. App. 755, 760, 622 S.E.2d 632, 635 (2005) (holding defendant was barred from challenging an amendment to a pattern jury instruction that defense counsel helped formulate and did not object to the final given instruction). "A defendant is not prejudiced by the granting of relief which he has sought or by error resulting from his own conduct." N.C. Gen. Stat. § 15A-1443(c) (2015). Because defense counsel provided the language used in the trial court's supplemental instruction, and did not object to the final language selected by the trial court, any alleged error in the instruction was invited and is not subject to review on appeal.
II. Sentencing
Defendant's final argument challenges his sentence on the grounds that the trial court misapprehended the lawful ceiling for Defendant's sentence under N.C. Gen. Stat. § 15A-1335. However, because the trial court imposed a shorter sentence than previously imposed, we conclude Defendant failed to show prejudicial error.
This Court reviews alleged errors under N.C. Gen. Stat. § 15A-1335de novo . State v. Skipper , 214 N.C. App. 556, 557, 715 S.E.2d 271, 272 (2011) ( "An alleged error in statutory interpretation is an error of law, and thus our standard of review for this question is de novo .") N.C. Gen. Stat. § 15A-1335 (2015) provides "[w]hen a conviction or sentence imposed in superior court has been set aside on direct review or collateral attack, the court may not impose a new sentence for the same offense, ... which is more severe than the prior sentence less the portion of the prior sentence previously served."
Defendant contends that the trial court violated N.C. Gen. Stat. § 15A-1335, because the original sentence was based on an erroneous prior record level and that the trial court's imposition of an additional aggravating factor at his second trial resulted in a more severe sentence. Defendant argues that in light of the error at his first trial, he should have been sentenced as a prior record level III.
However, Defendant cannot demonstrate prejudice, as his sentence was within the presumptive range for a prior record level III. The trial court noted the miscalculation from the erroneous stipulation at Defendant's first trial and sentenced Defendant to a less severe punishment. Accordingly, Defendant has suffered no prejudice as a result of any error.
Conclusion
For the reasons above, we hold that Defendant received a fair trial free from prejudicial error.
NO ERROR.
Report per Rule 30(e).
Judges BRYANT and TYSON concur.

The Automated Criminal Infractions System incorrectly showed that Defendant had convictions for both breaking and entering and larceny, and failed to show that Defendant was convicted of possession of stolen property instead.