STATE OF NORTH CAROLINA v. WALTER RIDDLE, ROBIN SMITH, AND MICHAEL SHANE MAIDA

No. 7924SC725

(Filed 5 February 1980)

1. **Riot and Inciting to Riot § 1— engaging in riot in prison—voluntariness of assemblage**

     While an assemblage of prison inmates is involuntary, the involuntariness does not negate the fact of an assemblage within the meaning of G.S. 14-288.2(a) which sets forth the elements of the crime of riot.

2. **Riot and Inciting to Riot § 2.1— engaging in riot—participation by three or more persons—sufficiency of evidence**

     In a prosecution of defendants for engaging in a riot, evidence was sufficient to show participation by three or more persons at the time of defendants' actions, though only two persons were specifically named as participating in the riotous activities, where a correctional officer testified that he looked into a window of a dorm and observed one defendant standing with one foot on each of two bunks, breaking out window panes with a stick; he saw another inmate at the widow to the left of defendant doing the same thing; inmates were running back and forth in the dormitories and windows were being broken; there was a lot of shouting and yelling and unrecognizable people were running around; and defendant's own witnesses testified that, at the approximate time they observed defendant, lights were being broken and debris and objects started falling.

3. **Riot and Inciting to Riot § 2.1— engaging in riot—sufficiency of evidence**

     In a prosecution for engaging in a riot, evidence was sufficient to show that defendant prison inmate participated in the riot and was not simply present at the scene where it tended to show that he threw a garbage can lid and that he picked something up from the floor and threw it against the bars.

**4. Criminal Law § 86.4— prior crimes by defendant — question improper — defendant not prejudiced**

In a prosecution of defendant prison inmate for engaging in a riot, the trial court erred in allowing the district attorney to ask defendant how many robberies he had committed, but defendant was not prejudiced where the record did not show that he answered the question.

**5. Riot and Inciting to Riot § 1— engaging in riot — statute constitutional**

G.S. 14-288.2 making it a crime to engage in a riot is not unconstitutionally vague.

**6. Riot and Inciting to Riot § 2.1— "engaging" in riot — no definition required**

In a prosecution of defendants for engaging in a riot, the trial court was not required to define the word "engaging" since it is a common word and since defendants did not request special instruction on the word.

APPEAL by defendants from *Barbee, Judge.* Judgments entered 1 December 1978 in a Special Session of Superior Court, AVERY County. Heard in the Court of Appeals 10 January 1980.

Defendants were arraigned on a bill of information charging defendants with feloniously engaging in a riot as defined by N.C. Gen. Stat. § 14-288.2. At the time of the alleged riot defendants were inmates at Avery County Subsidiary of the Department of Corrections. Upon pleas of not guilty, the jury returned a verdict of nonfeloniously engaging in a riot. From judgment sentencing defendants to imprisonment for a term of two years, defendants appealed.

*Attorney General Edmisten, by Assistant Attorney General Archie W. Anders, for the State.*

*Kyle D. Austin, for defendant appellant Walter Riddle.*

*William B. Cocke, Jr., for defendant appellant William Smith.*

*Edwin D. Taylor, for defendant appellant Michael Shane Maida.*

MARTIN (Robert M.), Judge.

Defendants Riddle and Maida assign as error the failure of the trial court to grant their motions for dismissal. Defendants contend the State did not introduce sufficient evidence to establish the elements of the crime of riot. Under N.C. Gen. Stat. § 14-288.2(a) the component elements that constitute the crime of riot are as follows:

(1) Public disturbance;

(2) Assemblage;

(3) Three or more persons;

(4) Disorderly and violent conduct, or the imminent threat of such conduct; and

(5) Results in injury or damages to persons or property or creates a clear and present danger of injury or damage to persons or property.

*State v. Brooks*, 287 N.C. 392, 215 S.E. 2d 111 (1974). Defendants Riddle and Maida specifically contend that the State's evidence did not establish (2) an assemblage or (3) participation by three or more persons at the time of defendants' actions.

[1] Defendants argue that the State has not proved an assemblage other than that which is necessarily required by a prison unit. Although the common law offense of riot is defined in *State v. Cole* as " '[A] tumultuous disturbance of the peace by three persons or more assembled together of their own authority, with intent mutually to assist one another against all who shall oppose them . . .' ", the language "of their own authority" does not necessarily mean that the assembly be voluntary. The *Cole* opinion later cites the following excerpt from 46 Am. jur., Riots and Unlawful Assembly § 10 (1946) with approval.

An unlawful assembly is a constituent and necessary part of the offense of riot at common law, and must precede the unlawful act which completes the offense . . . Likewise, the fact that the group of persons do not voluntarily come together does not prevent their action from being that of a mob.

249 N.C. 733, 107 S.E. 2d 732, *cert. denied*, 361 U.S. 867 (1959). Regardless of whether voluntary assembly was required at common law, the current legislation requires only an assemblage. While an assemblage of inmates is involuntary, the involuntariness does not negate the fact of an assemblage. If this were the case there could never be an assemblage and hence never be a riot in a prison or in any other situation which requires the involuntary gathering of people. This is contrary to the legislative

intent. N.C. Gen. Stat. § 14-288.1(8) in defining a "public disturbance" states "The places covered by this definition shall include, but not be limited to, highways, transport facilities, schools, prisons. . ." The law requires that the State need only show the fact of an assemblage, a group or gathering of people. This the State has done.

[2] Defendants further contend the State's evidence did not prove participation by three or more persons at the time of defendants' actions. Defendant Riddle, in particular, claims the State's evidence showed activity on the part of only two people in Dorm B at the time defendant was observed. Marvin Stamey, Correctional Sergeant, testified that looking into a window of Dorm B he observed defendant Riddle standing on two bunks, one foot on each bunk, breaking out window panes with a stick and inmate Robert Pascarella at the window to the left of defendant doing the same thing. In addition to the participation of these two inmates, Stamey testified that he had seen inmates running back and forth in the dormitories and windows being broken and that at the time he observed inmate Riddle there was a lot of shouting and yelling and unrecognizable people running around. The testimony of defendant's own witnesses show that at the approximate time they observed defendant, lights were being broken and debris and objects started falling. Although only two persons in Dorm B are specifically named, there is sufficient evidence, considered in the light most favorable to the State, from which the jury might infer participation of three or more persons at the time defendant Riddle was observed. The State's evidence sufficiently shows similar activity in Dorm A at the time defendant Maida's actions were observed and the same inference may be drawn. The assignments of error of defendants Maida and Riddle are overruled.

[3] Defendant Maida additionally assigns as error the trial court's failure to grant defendant's motion for dismissal, his motion to set aside the verdict, his motion for a new trial and motion for arrest of verdict on the grounds that the State's evidence was insufficient to show defendant himself participated in "disorderly and violent conduct." Defendant correctly submits that mere presence at the scene of a riot may not alone be sufficient to show participation in it. *State v. Brooks, supra.* Billy Potter, Correctional Officer, testified that he saw defendant Maida throw a gar-

bage can lid and pick up something white from the floor and throw it against the bars. Defendant's evidence that he was wetting towels to protect himself from tear gas; that he dropped some towels; that he picked them up; that he slung them toward the sink and that he broke a window after the gas was thrown to get air to breathe is not inconsistent with the State's evidence and tends to rebut the inference of participation in disorderly conduct. *State v. Blizzard,* 280 N.C. 11, 184 S.E. 2d 851 (1971). Protecting oneself from tear gas alone may not constitute participating in a riot. Throwing a garbage can lid, however, is arguably disorderly and violent conduct which creates a clear and present danger of injury or damage to persons or property, and would constitute participation. When the evidence is considered in the light most favorable to the State, taken as true, and when defendant's evidence which is in conflict with the State's evidence is not considered (here the conflicting evidence is that defendant ran into an inmate holding a trash can lid knocking it forward), there is sufficient evidence of participation to carry the case to the jury and support the verdict. The motion for nonsuit was properly denied.

Defendant's motions to set aside the verdict and for a new trial are merely formal and require no discussion. These motions are addressed to the discretion of the trial court and refusal to grant them is not reviewable. *State v. McLean,* 294 N.C. 623, 242 S.E. 2d 814 (1978). These motions as well as defendant's motion for arrest of judgment were properly denied.

[4] Defendant Maida also contends that it was prejudicial error for the court to allow the District Attorney to ask the question "How many robberies have you committed?" For purposes of impeachment, a witness may be asked whether he has committed specific criminal acts or been guilty of specified reprehensible conduct. *State v. Gainey,* 280 N.C. 366, 185 S.E. 2d 874 (1972). As propounded, however, the question is similar to those questions in *State v. Phillips,* 240 N.C. 516, 82 S.E. 2d 762 (1954). Because the question assumes facts not in evidence, the question is improper and the objection should have been sustained. The error, however, does not rise to level of prejudice as that in *Phillips* where there was a long series of insinuating and fact assuming questions. Furthermore, the defendant does not claim the jury was prejudiced by his answer to the question and the record does

not show that defendant answered the question. We fail to see how defendant was prejudiced merely by the asking of an unanswered question even though the form of the question was objectionable. *State v. Courtney*, 25 N.C. App. 351, 213 S.E. 2d 403, *cert. denied* 288 N.C. 245, 217 S.E. 2d 668 (1975).

[5] Defendant Smith assigns as error the failure of the trial court to grant his motion for arrest of judgment on the ground that N.C. Gen. Stat. 14-288.2 is unconstitutionally vague, containing a patent ambiguity as to what constitutes "engaging" in a riot. We disagree. The constitutionality of the statute has been fully answered by *State v. Brooks, supra.*

[6] Finally, each defendant assigns as error the failure of the trial court to define the word "engaging" in his charge to the jury that the State must prove beyond a reasonable doubt that each defendant "wilfully engaged in a riot." Defendants contend that in the absence of a definition of engaging, the charge would permit the jury to render their verdict based upon a permissible but incorrect interpretation that something less than violent or disorderly conduct, perhaps even mere presence, was sufficient for conviction. We disagree. "Engaging" as defendant Riddle concedes in his brief, is a common word. It is not error for the court to fail to explain words of common usage in the absence of a request for special instructions. *State v. McCoy*, 34 N.C. App. 567, 239 S.E. 2d 300 (1977). The record does not show a request for special instructions on the word "engaging." We find no error in the charge of the trial court.

We hold that defendants received a fair trial free of prejudicial error.

No error.

Judges HEDRICK and WELLS concur.