BERGER, Judge.
 

 *111
 
 Larry Wayne Glidewell, Jr. ("Defendant") appeals from his conviction for habitual misdemeanor larceny. Defendant gave defective notice of appeal, but we grant his petition for writ of certiorari and reach the merits of his arguments. Defendant asserts that the trial court erred in giving an acting in concert jury instruction. First, Defendant argues that he was prejudiced by this instruction because it created a fatal variance between his indictment and the evidence supporting his conviction. Second, he argues that the State introduced insufficient evidence to warrant such an instruction. We review each argument in turn and find neither compel reversal of his conviction.
 

 Factual and Procedural History
 

 The evidence introduced by the State at trial tended to show that on June 11, 2015, Defendant and Darian Parks ("Parks") walked into the Southern Pines Belk Department Store ("Store") together. Both men removed several men's shirts from their display in the Store's Nautica section and concealed the shirts underneath their clothing.
 

 *231
 
 The men then exited the Store without paying.
 

 As Defendant and Parks left the store, Brian Hale ("Hale"), the Store's Loss Prevention Officer, followed the two men into the parking lot and observed them leave in a silver Chevrolet Malibu. After Defendant and Parks drove away, Hale returned to the Store and found a price tag for $34.50 on the floor, which he deduced had been removed from one of the shirts. Hale and two of the Store's loss prevention associates identified the men who stole the shirts on the Store's surveillance camera
 
 *112
 
 video as Defendant and Parks. Hale also provided the Southern Pines Police with the make, model, and license plate number of the vehicle in which the men fled.
 

 On January 4, 2016, a Moore County grand jury indicted Defendant for habitual misdemeanor larceny under
 
 N.C. Gen. Stat. § 14-72
 
 (b)(6). Parks, as co-defendant, pleaded guilty to the charges brought against him for this same set of operative facts prior to Defendant's trial.
 

 On June 8, 2016, Defendant was tried before a jury in Moore County Superior Court. Before Defendant's jury was impaneled, Defendant knowingly and voluntarily admitted to four prior misdemeanor larcenies used by the State to elevate the present charge from misdemeanor larceny to a Class H felony of habitual misdemeanor larceny. At the close of the State's case-in-chief, Defendant presented no evidence and chose not to testify. After jury deliberations, Defendant was found guilty, sentenced to an active prison term of eleven to twenty-three months, and ordered to pay $241.50 in restitution. The record indicates that Defendant gave no oral or written notice of appeal at trial.
 

 Petition for Writ of Certiorari
 

 On the day following trial, June 9, 2016, Defendant's trial counsel gave oral notice of appeal. The trial court made appellate entries and appointed appellate counsel for Defendant. However, for notice of appeal in a criminal action to be effective, it must either be given orally at trial or be filed with the clerk of superior court and served on adverse parties within fourteen days after the court's entry of judgment. N.C.R. App. P. 4(a)(1) and (2) (2016). Because trial counsel's notice of appeal was neither given orally "at trial" nor filed with the clerk, it was defective. For this reason, on November 22, 2016, Defendant filed a petition for writ of certiorari asking this Court to consider the merits of his appeal.
 

 In response to Defendant's petition, the State conceded it was aware of Defendant's intent to appeal and acknowledged review of Defendant's conviction was proper. Accordingly, we grant Defendant's petition for writ of certiorari and will review the merits of his appeal.
 
 See
 
 N.C.R. App. P. 21(a) (2016).
 

 Analysis
 

 Defendant appeals his conviction by asserting two assignments of error. First, Defendant argues the trial court created a fatal variance between the allegations in his indictment and the evidence supporting
 
 *113
 
 his conviction when it delivered an acting in concert instruction to the jury. Second, Defendant argues the acting in concert jury instruction should not have been given by the trial court because the State introduced insufficient evidence showing Defendant committed larceny in concert with another person. As explained below, we find neither argument has merit.
 

 I.
 
 Fatal Variance
 

 In Defendant's first assignment of error, he asserts that a fatal variance was created when the trial court instructed the jury on a theory of acting in concert because the indictment with which Defendant was charged contained no indication that the State would proceed on this theory of criminal liability. Therefore, Defendant contends his conviction for habitual misdemeanor larceny should be vacated. We disagree.
 

 A trial court, generally, commits prejudicial error when it "permit[s] a jury to convict upon some abstract theory not supported by the bill of indictment."
 
 State v. Shipp
 
 ,
 
 155 N.C.App. 294
 
 , 300,
 
 573 S.E.2d 721
 
 , 725 (2002) (citation and quotation marks omitted). As a result, trial courts "should not give [jury] instructions which present ... possible theories of conviction ... either not supported by the evidence or not charged in
 
 *232
 
 the bill of indictment."
 
 Id
 
 . (citation and quotation marks omitted). "It is well established that a defendant must be convicted, if at all, of the particular offense charged in the indictment and that the State's proof must conform to the specific allegations contained therein."
 
 State v. Henry
 
 ,
 
 237 N.C.App. 311
 
 , 322,
 
 765 S.E.2d 94
 
 , 102 (2014),
 
 disc. rev. denied
 
 , --- N.C. ----,
 
 775 S.E.2d 852
 
 (2015) ---- (citation, quotation marks, and brackets omitted).
 

 When allegations asserted in an indictment fail to "conform to the equivalent material aspects of the jury charge," our Supreme Court has held that a fatal variance is created, and "the indictment [is] insufficient to support that resulting conviction."
 
 State v. Williams
 
 ,
 
 318 N.C. 624
 
 , 631,
 
 350 S.E.2d 353
 
 , 357 (1986) (citation omitted). Furthermore, for "a variance to warrant reversal, the variance must be material," meaning it must "involve an essential element of the crime charged."
 
 State v. Norman
 
 ,
 
 149 N.C.App. 588
 
 , 594,
 
 562 S.E.2d 453
 
 , 457 (2002) (citations omitted). The determination of whether a fatal variance exists turns upon two policy concerns, namely, (1) insuring "that the defendant is able to prepare his defense against the crime with which he is charged and [ (2) ] ... protect[ing] the defendant from another prosecution for the same incident."
 
 Id
 
 . (citations omitted). However, "a variance ... does not require reversal unless the defendant is prejudiced as a result."
 
 State v. Weaver
 
 ,
 
 123 N.C.App. 276
 
 , 291,
 
 473 S.E.2d 362
 
 , 371,
 
 disc. rev. denied
 
 ,
 
 344 N.C. 636
 
 ,
 
 477 S.E.2d 53
 
 (1996) (citation omitted).
 

 *114
 
 In cases addressing an acting in concert jury instruction, this Court has stated that acting in concert, as well as aiding and abetting, are "theories of criminal liability," "theories of guilt," "theories of culpability," and "theories upon which to establish guilt."
 
 State v. Estes
 
 ,
 
 186 N.C.App. 364
 
 , 372,
 
 651 S.E.2d 598
 
 , 603 (2007),
 
 disc. rev. denied
 
 ,
 
 362 N.C. 365
 
 ,
 
 661 S.E.2d 883
 
 (2008). A criminal indictment "must allege all of the essential elements of the crime sought to be charged[,]" and allegations which do not concern "the essential elements of the crime sought to be charged are irrelevant and may be treated as surplusage."
 
 State v. Westbrooks
 
 ,
 
 345 N.C. 43
 
 , 57,
 
 478 S.E.2d 483
 
 , 492 (1996) (citations and quotation marks omitted).
 

 Therefore, "the allegation ... that [a] defendant acted in concert ... is an allegation beyond the essential elements of the crime charged and is ... surplusage."
 
 Id
 
 .
 
 See
 

 Estes
 
 ,
 
 186 N.C.App. at 372
 
 ,
 
 651 S.E.2d at 603
 
 (holding that the prosecution's variation of a theory of criminal liability, from that of acting in concert to aiding and abetting, did not constitute a substantial modification to the State's original indictment because (1) the change only impacted surplusage to the principal criminal offense charged; and (2) the defendant was not rendered unable to prepare his own defense to the principal criminal offense). Furthermore, theories of criminal liability are not required to be included in an indictment.
 
 See
 

 State v. Baskin
 
 ,
 
 190 N.C.App. 102
 
 , 110,
 
 660 S.E.2d 566
 
 , 573,
 
 disc. rev. denied
 
 ,
 
 362 N.C. 475
 
 ,
 
 666 S.E.2d 648
 
 (2008).
 

 In North Carolina, " '[t]he essential elements of larceny are: (1) taking the property of another; (2) carrying it away; (3) without the owner's consent; and (4) with the intent to deprive the owner of the property permanently.' "
 
 State v. Sheppard
 
 ,
 
 228 N.C.App. 266
 
 , 269,
 
 744 S.E.2d 149
 
 , 151 (2013) (quoting
 
 State v. Wilson
 
 ,
 
 154 N.C.App. 686
 
 , 690,
 
 573 S.E.2d 193
 
 , 196 (2002) ). If the larceny was committed after four prior misdemeanor larceny convictions, it is a Class H felony without regard to the value of the property taken.
 
 N.C. Gen. Stat. § 14-72
 
 (a) and (b)(6) (2015).
 

 Here, Defendant's indictment for larceny alleged that he "unlawfully, willfully, and feloniously did steal, take, and carry away two shirts, the personal property of Belk, Inc., a corporation capable of owning property, such property having an approximate value of $69.00." The indictment contained each essential element of larceny.
 

 After the close of evidence and before delivering the jury instructions, the trial court indicated it would give an acting in concert jury instruction. Defendant's counsel raised a general objection to this instruction, preserving the issue for appeal, but was overruled.
 

 *233
 
 Directly after, the trial court instructed the jury:
 

 *115
 
 If you find from the evidence beyond a reasonable doubt that on or about the alleged date the defendant,
 
 acting either by himself or acting together with another person
 
 , took and carried away Belk, Inc.'s property without Belk, Inc.'s consent, knowing that he was not entitled to take it, and intended at that time to deprive the victim of its use permanently, it would be your duty to return a verdict of guilty.
 

 (Emphasis added).
 

 As seen above, the addition of a theory of liability to the jury instruction, specifically that "the defendant,
 
 acting either by himself or acting together with another person
 
 , took and carried away Belk, Inc.'s property," failed to create a fatal variance between the indictment, which stated no theory of liability, and the jury instruction. The acting in concert theory of liability was not one of the "essential elements of larceny," and it needed not be alleged in the indictment.
 

 Defendant also argues that a fatal variance existed among his indictment, the jury instructions, and his jury verdict sheet because each held Defendant accountable for stealing a different number of shirts. However, two problems beset this argument. First, Defendant voiced no objection based upon this alleged variance at trial and posited no arguments for plain or fundamental error on appeal.
 
 See
 

 State v. Gilbert
 
 ,
 
 139 N.C.App. 657
 
 , 672-74,
 
 535 S.E.2d 94
 
 , 103 (2000) (holding when a defendant fails to object to a verdict sheet's submission to the jury, the error is not considered prejudicial unless the error is fundamental);
 
 State v. Turner
 
 ,
 
 237 N.C.App. 388
 
 , 390-91,
 
 765 S.E.2d 77
 
 , 80-81 (2014) (holding when a defendant fails to object to an indictment or jury instructions until after the jury returns its verdict at trial, this Court treats these issues as unpreserved and reviews them under the plain error standard, which requires they constitute a fundamental error to warrant reversal),
 
 disc. rev. denied
 
 ,
 
 368 N.C. 245
 
 ,
 
 768 S.E.2d 563
 
 (2015) ; N.C.R. App. P. 10(a)(2) (2016) (establishing "[a] party may not make any portion of the jury charge or omission therefrom the basis of an issue presented on appeal unless the party objects thereto before the jury retires to consider its verdict....").
 

 Second, neither the jury instruction nor the verdict sheet needed to have the number of items stolen.
 
 See
 

 State v. Floyd
 
 ,
 
 148 N.C.App. 290
 
 , 295,
 
 558 S.E.2d 237
 
 , 240 (2002) (holding "no requirement [mandates] that a written verdict contain each element of the offense to which it refers" (citations and quotation marks omitted));
 

 *116
 

 State v. McClain
 
 ,
 
 282 N.C. 396
 
 , 400,
 
 193 S.E.2d 113
 
 , 115-16 (1972) (holding "[a]ny error or omission by the court in its review of the evidence in the charge to the jury must be ... called to the attention of the court so that the court may have an opportunity to make the appropriate correction");
 
 see also
 
 N.C. Gen. Stat. § 15A-1232 (2015) (establishing when a trial court instructs a jury, it must charge every essential element of the offense, but it is not required to "state, summarize, or recapitulate the evidence, or to explain the application of the law to the evidence").
 

 The alleged errors in the indictment did not prevent Defendant from preparing his defense, and Defendant was not and is not at risk for a subsequent prosecution for the same incident.
 
 See
 

 Norman
 
 ,
 
 149 N.C.App. at 594
 
 ,
 
 562 S.E.2d at 457
 
 . Furthermore, the numerical discrepancies to which Defendant points in his indictment, jury instructions, and verdict sheet did not amount to error. Accordingly, the alleged variance was not fatal. This assignment of error is without merit.
 

 II.
 
 Sufficient Evidence to Support an Acting in Concert Jury Instruction
 

 Defendant next argues that the trial court erred when instructing the jury on the theory of acting in concert because no evidence supported that theory of liability. Specifically, Defendant contends the State's evidence was insufficient to show that Defendant and Parks acted with a common purpose to commit larceny or that Defendant aided or encouraged Parks to commit larceny. Ultimately, Defendant asserts the evidence showed he was "simply present" when Parks committed larceny. We disagree.
 

 *234
 
 "The prime purpose of a court's charge to the jury is the clarification of issues, the elimination of extraneous matters, and a declaration and an application of the law arising on the evidence."
 
 State v. Cameron
 
 ,
 
 284 N.C. 165
 
 , 171,
 
 200 S.E.2d 186
 
 , 191 (1973),
 
 cert. denied
 
 ,
 
 418 U.S. 905
 
 ,
 
 94 S.Ct. 3195
 
 ,
 
 41 L.Ed. 2d 1153
 
 (1974) (citations omitted). "Properly preserved challenges to the trial court's decisions regarding jury instructions are reviewed
 
 de novo
 
 ...."
 
 State v. King
 
 ,
 
 227 N.C.App. 390
 
 , 396,
 
 742 S.E.2d 315
 
 , 319 (2013) (citation and quotation marks omitted).
 

 Jury instructions are considered
 

 contextually and in [their] entirety. The charge will be held to be sufficient if it presents the law of the case in such manner as to leave no reasonable cause to believe the jury was misled or misinformed. The party asserting error bears the burden of showing that the jury was misled or that the verdict was affected by the instruction. Under
 
 *117
 
 such a standard of review, it is not enough for the appealing party to show that error occurred in the jury instructions; rather, it must be demonstrated that such error was likely, in light of the entire charge, to mislead the jury.
 

 Id.
 

 (citations omitted).
 

 Under a theory of acting in concert, a jury can find a defendant guilty where "he is present at the scene and acting together with another or others pursuant to a common plan or purpose to commit the crime."
 
 State v. Taylor
 
 ,
 
 337 N.C. 597
 
 , 608,
 
 447 S.E.2d 360
 
 , 367 (1994),
 
 cert. denied
 
 , --- N.C. ----,
 
 533 S.E.2d 475
 
 (1999) (citations omitted). A jury instruction on the theory of "acting in concert is proper when the State presents evidence tending to show the defendant was present at the scene of the crime and acted together with another who [completed] acts necessary to constitute the crime pursuant to a common plan or purpose to commit the crime."
 
 State v. Cody
 
 ,
 
 135 N.C.App. 722
 
 , 728,
 
 522 S.E.2d 777
 
 , 781 (1999) (citation and quotation marks omitted). Furthermore, when the State presents such evidence, "the judge
 
 must
 
 explain and apply the law of 'acting in concert.' "
 
 State v. Mitchell
 
 ,
 
 24 N.C.App. 484
 
 , 486,
 
 211 S.E.2d 645
 
 , 647 (1975) (emphasis added).
 

 In the case
 
 sub judice
 
 , the trial court indicated at the close of evidence that it would give an acting in concert jury instruction. Defendant's counsel raised a general objection to this instruction, preserving the issue for appeal, but was overruled. The trial court then instructed the jury,
 
 inter alia
 
 , on acting in concert as follows:
 

 For a defendant to be guilty of a crime it is not necessary that the defendant do all of the acts necessary to constitute the crime. If two or more persons join in a common purpose to commit larceny, each of them, if actually or constructively present, is guilty of the crime. A defendant is not guilty of a crime merely because the defendant is present at the scene, even though the defendant may silently approve of the crime or secretly intend to assist in its commission. To be guilty the defendant must aide or actively encourage the person committing the crime or in some way communicate to another person the defendant's intention to assist in its commission.
 

 Indeed, the evidence presented at trial tended to show Defendant was more than simply present at the scene of the larceny at issue. The State's evidence illustrated that he acted together with Parks, who completed acts necessary to constitute larceny pursuant to a common plan
 
 *118
 
 or purpose.
 
 See
 

 Cody
 
 ,
 
 135 N.C.App. at 728
 
 ,
 
 522 S.E.2d at 781
 
 . Evidence also pointed out that Defendant rode with Parks in the same car to the Store; Defendant and Parks entered the Store together; Defendant and Parks looked over merchandise in the same section of clothing; Defendant and Parks were seen on surveillance video returning to the same area behind a clothing rack and stuffing shirts in their pants; and Defendant and Parks left the Store within seconds of each other and exited the Store's parking lot in the same vehicle driven by Parks.
 

 We hold this evidence was sufficient to support a jury instruction on acting in concert to commit larceny. The evidence allowed the jury to conclude, or draw a reasonable inference, that Defendant was present at the
 
 *235
 
 scene of the crime, that Defendant acted together with Parks pursuant to a common plan or purpose, and that Parks did some of the acts necessary to constitute larceny. Defendant failed to meet his burden by showing that "the jury was misled or that the verdict was affected" as a result.
 
 King
 
 ,
 
 227 N.C.App. at 396
 
 ,
 
 742 S.E.2d at 319
 
 (citation omitted). This assignment of error, like the first, is also without merit.
 

 Conclusion
 

 The trial court did not err by giving the acting in concert instruction. No fatal variance was created between the allegations in Defendant's indictment and evidence supporting his conviction. The State introduced sufficient evidence to warrant instructing the jury on an acting in concert theory of liability. Defendant received a fair trial, free from error.
 

 NO ERROR.
 

 Judges CALABRIA and HUNTER concur.