An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-666

Filed 18 March 2026

Union County, Nos. 22CR051772-890, 22CR051773-890

STATE OF NORTH CAROLINA

v.

JAMES PATRICK MCGRAW, JR., Defendant.

Appeal by defendant from judgment entered 1 November 2024 by Judge Matthew B. Smith in Union County Superior Court. Heard in the Court of Appeals 13 January 2026.

> *Attorney General Jeff Jackson, by Special Deputy Attorney General Daniel P. O'Brien and Assistant Attorney General Elizabeth S. Young, for the State-appellee.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Heidi E. Reiner, for defendant-appellant.*

GORE, Judge.

Defendant James Patrick McGraw, Jr. appeals the judgment entered for two counts of first-degree statutory rape and one count of first-degree statutory sexual offense. Defendant was sentenced to two consecutive terms of 288 to 355 months' imprisonment and required to register as a sex offender for the remainder of his

natural life.  Upon reviewing the briefs and the record, we discern no plain error on the first issue argued and we deny defendant's petition for writ of certiorari for the second issue argued.

## I.

Defendant was indicted on three counts of statutory rape of a child by an adult, one count of statutory sexual offense with a child by an adult, and two counts of indecent liberties with a child between 1 February 2005 and 1 February 2006.  Within the indictment for the statutory rapes the body of the charge stated, "The defendant named above unlawfully, willfully, and feloniously did engage in vaginal intercourse with [Tanya[1]], a child who was under the age of 13 years, namely 12 years old. At the time, the defendant was at least 18 [years] old, namely 19 years old."  The charging language for the statutory sexual offense indictment stated, "The defendant named above unlawfully, willfully, and feloniously did engage in a sexual act with [Tanya], a child who was under the age of 13 years old, namely 12 years old. At the time, the defendant was at least 18 years of age, namely 19 years old."

The State moved to amend the indictments to change the statutory citations and captions.  The trial court granted the State's motion to amend at the start of trial, and the State amended the indictments' captions and statutory citations but kept the charging language the same.  The State introduced evidence of a taped interview of

---

[1] Pseudonym utilized to protect the identity of the juvenile.

investigators questioning defendant, and witness testimony by Tanya, her sister, her brother, and two other corroborators. According to the evidence, the statutory rapes and sexual offense took place during a period of about a year in 2005 when Tanya was twelve years old. According to the evidence, defendant was nineteen years old at the time of these offenses. Tanya also testified she and defendant were seven or eight years apart and that defendant was nineteen or twenty years old in 2005.

At the close of the evidence, the trial court charged the jury with Pattern Jury Instruction 207.15.1 for First Degree Rape occurring prior to 2015, and Pattern Jury Instruction 207.45.1 for First Degree Sexual Offenses occurring prior to 2015. The third element of both instructions states that at the time of the alleged acts, the defendant was at least twelve years old and was at least four years older than the alleged victim.

The jury returned guilty verdicts for two of the statutory rape charges, the sexual offense charge, and the two indecent liberties charges. The trial court arrested judgment for the indecent liberties convictions and sentenced defendant to two consecutive terms of 288 months' to 355 months' imprisonment. Defendant was ordered to register as a sex offender for the remainder of his natural life. Defendant orally appealed the final judgment but failed to enter a written notice of appeal for the order requiring registration as a sex offender.

**II.**

Defendant seeks review of the following two issues: (1) Whether the trial court

plainly erred by instructing the jury that the defendant must be at least twelve years old and four years older than the victim rather than using the indictments' language that he was at least eighteen years old at the time of the offenses on the first degree statutory rape and statutory sexual offense charges; and (2) whether the trial court reversibly erred by ordering defendant to register as a sex offender for the remainder of his natural life. Defendant concedes review for the first issue is limited to plain error for lack of preservation. He seeks a writ of certiorari for the second issue, because he failed to enter a written notice of appeal pursuant to Rule 3 of the North Carolina Rules of Appellate Procedure.

**A.**

Defendant argues the trial court plainly erred when it instructed the jury with the elements of N.C.G.S. § 14-27.2(a)(1) (2005) for first degree statutory rape and the elements of N.C.G.S. § 14-27.4(a)(1) (2005) for the statutory sexual offense charge because the allegations in the indictments matched the greater statutory offenses that did not exist at the time. Specifically, defendant argues the body of the indictment is the actual charge and it stated he was at least eighteen years old, namely, nineteen years old, when the offenses were committed, and this is an element of the greater statutory offense enacted after the commission of the offenses.

A defendant is entitled to plain error review when he fails to preserve the error at the trial level but specifically seeks plain error review before this Court. *See* N.C.R. App. P. 10(a)(4). "Even when the plain error rule is applied, it is the rare case in

which an improper instruction will justify reversal of a criminal conviction when no objection has been made in the trial court." *State v. Odom*, 307 N.C. 655, 660–61 (1983) (cleaned up). Plain error is "applied cautiously and only in the exceptional case, reserved for grave error which amounts to a denial of a fundamental right of the accused, and that focuses on error that has resulted in a miscarriage of justice or the denial of a fair trial." *State v. Reber*, 386 N.C. 153, 158 (2024) (cleaned up). Plain error is a "three-factor test: First, that a fundamental error occurred at trial; second, that the error had a probable impact on the outcome; and third, that the error is an exceptional case." *Id.* (cleaned up).

Defendant was indicted, as amended, pursuant to section 14-27.2(a)(1) for first-degree statutory rape. The elements of section 14-27.2(a)(1), at the time the offense was committed, were: "the person engages in vaginal intercourse, with a victim who is a child under the age of 13 years and the defendant is at least 12 years old and is at least four years older than the victim." N.C.G.S. § 14-27.2(a)(1) (2005), *recodified and amended by* S.L. 2015-181, §§ 3(a), 3(b), effective 1 December 2015 (cleaned up). Defendant argues that the body of the indictment charged him for the nonexistent (at the time) greater offense, section 14-27.2A, recodified to section 14-27.23, and this was not adjusted when the State amended the statute citation and statutory caption. Section 14-27.23 states, "A person is guilty of statutory rape of a child by an adult if the person is at least 18 years of age and engages in vaginal intercourse with a victim who is a child under the age of 13 years." N.C.G.S. § 14-27.23 (2022). According to

defendant, as a result, the jury convicted him based upon the lesser included offense, that he was at least twelve years old, whereas the language in the indictment required the State to prove he was at least eighteen years old at the time of the offense.

It appears defendant is making a fatal variance argument against the indictment and the jury instructions. A fatal variance exists when, the "allegations asserted in an indictment fail to conform to the equivalent material aspects of the jury charge, . . . and the indictment is insufficient to support that resulting conviction." *State v. Glidewell*, 255 N.C. App. 110, 113 (2017). "A variance does not require reversal unless the defendant is prejudiced as a result." *Id.* (cleaned up). Apart from passively suggesting the judgment was for the greater offense, defendant concedes the law allows conviction of a lesser included offense even if a charging indictment's language is for the greater offense, but not alternatively. *See State v. Wilson*, 128 N.C. App. 688, 692 (1998).[2]

Under plain error review, we do not discern any prejudice. Defendant's conviction under section 14-27.2(a)(1) was supported by the amended indictment listing the first-degree statutory rape statute, the jury instructions for the first-

---

[2] Defendant also suggests prejudice claiming the judgment was for the greater offense in part because the trial court sentenced defendant to register as a sex offender for the remainder of his natural life. While we do not consider the registration on appeal for jurisdictional reasons, it is enough to acknowledge the judgment on the lesser offense may also require a similar registration. *See generally State v. Marlow*, 229 N.C. App. 593, 603–605 (2013) (discussing why defendant's conviction for lifetime satellite-based monitoring was appropriate after his conviction pursuant to section 14-27.2(a)(1)).

degree statutory rape statute, and the trial court's oral judgment convicting defendant for first-degree statutory rape. Further, the State's evidence supported both that the defendant was at least twelve years old and four years older than the victim as well as that he was at least eighteen years old. Evidence in the record demonstrates that defendant's birth date was 15 December 1985, that Tanya was 12 years old at the time, that the offense occurred in 2005, that defendant was thirty-eight years old at the time of trial in October 2024, and that defendant was seven or eight years older than the victim when the assaults occurred. Therefore, the trial court did not plainly err.

Additionally, defendant argues a similar issue with the amended indictment for the first-degree statutory sex offense charge. The State amended the statutory caption and citation to first-degree statutory sex offense, section 14-27.4(a)(1), but did not amend the charging language for the sexual offense charge. Section 14-27.4(a)(1) stated, "A person is guilty of a sexual offense in the first degree if the person engages in a sexual act with a victim who is a child under the age of 13 years and the defendant is at least 12 years old and is at least four years older than the victim." N.C.G.S. § 14-27.4(a)(1) (2005), *recodified and amended by* S.L. 2015-181, §§ 8(a), 8(b), effective 1 December 2015.

Section 14-27.4A, later recodified to section 14-27.28 states, "A person is guilty of statutory sexual offense with a child by an adult if the person is at least 18 years of age and engages in a sexual act with a victim who is a child under the age of 13

years." N.C.G.S. § 14-27.28 (2022). Once again, defendant argues the jury instructions were based upon the lesser included offense language rather than the language that was in the indictment. This appears to be a fatal variance argument. For similar reasons already stated, the trial court did not plainly err by instructing the jury on the lesser offense language of section 14-27.4(a)(1).

Once again, the statutory name in the indictment, the jury instructions, and the trial court's oral judgment for first degree statutory sex offense all support a conviction based upon section 14-27.4(a)(1). The evidence in the record demonstrates that defendant's birth date is 15 December 1985, that Tanya was 12 years old at the time of the offense, that the offense occurred in 2005, that defendant was thirty-eight years old at the time of trial in October 2024, and that defendant was seven or eight years older than the victim when the assault occurred. Such evidence dispels any argument that the jury would have reached a different verdict if the jury instructions mirrored the charging language in the indictments. Further, this evidence eliminates any concern under plain error review that a fundamental error occurred with the jury instructions and worked a miscarriage of justice. Accordingly, the trial court did not commit plain error by charging the jury on the elements pursuant to sections 14-27.2(a)(1) and 14-27.4(a)(1).

## B.

Defendant petitioned this court for writ of certiorari to consider the order requiring he register as a sex offender for the remainder of his natural life after

failing to file a written notice of appeal pursuant to Rule 3 of the North Carolina Rules of Appellate Procedure. Certiorari should only issue if the following two tests are met: (1) "if the petitioner can show merit or that error was probably committed below," and (2) "if there are extraordinary circumstances to justify it." *Cryan v. Nat'l Council of Young Men's Christian Ass'ns of U.S.*, 384 N.C. 569, 572 (2023) (cleaned up). Having reviewed defendant's arguments in favor of certiorari and having determined the arguments fail to satisfy the tests for granting certiorari, we deny the petition. Consequently, for lack of jurisdiction, we do not consider defendant's remaining argument.

## III.

For the foregoing reasons, the trial court did not plainly err in its instructions to the jury, and we deny defendant's petition for writ of certiorari.

NO PLAIN ERROR.

Judges STROUD and FLOOD concur.

Report per Rule 30(e).