An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-1

Filed 3 June 2026

Guilford County, No. 22CR334334-400

STATE OF NORTH CAROLINA

v.

LAQUITA LANETT SIMS, Defendant.

Appeal by Defendant from judgment entered 22 September 2023 by Judge R. Stuart Albright in Guilford County Superior Court. Heard in the Court of Appeals 24 September 2025.

> *Attorney General Jeff Jackson, by Special Deputy Attorney General Matthew Tulchin, for the State.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Nicholas C. Woomer-Deters, for Defendant-Appellant.*

CARPENTER, Judge.

Laquita Lanett Sims ("Defendant") appeals from judgment entered after a jury found her guilty of one count of misdemeanor engaging in a riot. On appeal, Defendant argues the trial court erred by denying her motion to dismiss. After careful review, we discern no error.

## I. Factual & Procedural Background

On 3 November 2022, Defendant was charged by magistrate's order with felony inciting a riot based on injury to a person, disorderly conduct at a school, second-degree trespass, assault upon a school employee, simple assault, and contributing to the delinquency of a juvenile. On 4 August 2023, the district court found Defendant guilty of all charges. The district court sentenced Defendant to consecutive 120-day periods of imprisonment, suspended for twelve months. Defendant appealed to superior court. The superior court corrected a clerical error on the magistrate's order by reducing the felony riot charge to a misdemeanor and joined Defendant's case with the case of her sister, Demorshea Sims. Before the trial, Defendant objected to the difference between the charging document and the corrected clerical error, which the trial court overruled. On 20 September 2023, the superior court conducted a trial, and the evidence tended to show the following.

Defendant has two daughters, Andrea and Atianna, who are high school students in Guilford County. On 3 November 2022, a teacher at the school observed Defendant and Demorshea "standing kind of to the side of the breezeway waiting for somebody or something." While the teacher was watching, Andrea arrived and guided her family toward a media center.

After following the group, the teacher observed "basically two sets -- like, two fights kind of individually happening, two sets of girls." One set of girls included

Andrea and Jayla, another student at the high school. The second set of girls included Jayla's older sister, Jasmine, and Atianna.

The teacher "went in to try and help break up the fight," but she was "removed by [Defendant] and shoved back onto the [brick] planter [divider]." During the fights, Defendant told Andrea to "[g]o at [Jayla] again." Defendant also instructed Atianna that "[i]f your sister fights, you fight." The teacher said it took "five to ten" faculty and staff members to stop the fights.

After the State rested its case, Defendant moved to dismiss all charges. The trial court dismissed the charge of second-degree trespass. At the close of all evidence, Defendant renewed her motion to dismiss, which the trial court granted as to the disorderly conduct charge. On 22 September 2023, the jury found Defendant guilty of misdemeanor engaging in a riot and not guilty of the remaining offenses. The trial court sentenced Defendant to 120 days of imprisonment. On 26 September 2023, Defendant filed written notice of appeal.

## II. Jurisdiction

This Court has jurisdiction under N.C. Gen. Stat. §§ 7A-27(b)(1) and 15A-1444(a) (2025).

## III. Issue

The issue is whether the trial court erred by denying Defendant's motion to dismiss the misdemeanor engaging in a riot charge.

## IV. Analysis

## A. Standard of Review

"This Court reviews the trial court's denial of a motion to dismiss *de novo*." *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007) (citation omitted). " 'Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment' for that of the lower tribunal." *State v. Williams*, 362 N.C. 628, 632–33, 669 S.E.2d 290, 294 (2008) (quoting *In re Greens of Pine Glen Ltd. P'ship*, 356 N.C. 642, 647, 576 S.E.2d 316, 319 (2003)).

## B. Motion to Dismiss

" 'Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied.' " *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (2000) (quoting *State v. Powell*, 299 N.C. 95, 98, 261 S.E.2d 114, 117 (1980)). " 'Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Smith*, 186 N.C. App. at 62, 650 S.E.2d at 33 (quoting *State v. Cummings*, 46 N.C. App. 680, 683, 265 S.E.2d 923, 925 (1980)). "In making its determination, the trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." *State v. Rose*, 339 N.C. 172, 192–93, 451 S.E.2d 211, 223 (1994) (citation omitted).

### 1. Insufficient Evidence

Defendant first argues that the trial court erred by failing to dismiss her charge of engaging in a riot because the State failed to present sufficient evidence tending to show that her involvement in the fight constituted "active participation." We disagree.

For one to engage in a riot, "active participation" is required, *State v. Mitchell*, 110 N.C. App. 250, 254, 429 S.E.2d 580, 582 (1993), which is something more than "mere presence at the scene" without overt acts, *see State v. Riddle*, 45 N.C. App. 34, 37–38, 262 S.E.2d 322, 324–25 (1980). For example, a person actively participates in a riot through disorderly conduct when the person "[m]akes or uses any utterance, gesture, display or abusive language which is intended and plainly likely to provoke violent retaliation and thereby cause a breach of the peace." N.C. Gen. Stat. § 14-288.4(a)(2) (2025). A person also actively participates by engaging in violent conduct that could harm someone. *See Riddle*, 45 N.C. App. at 38, 262 S.E.2d at 325.

Here, the evidence tends to show Defendant actively participated in the fights. *See Mitchell*, 110 N.C. App. at 254, 429 S.E.2d at 582. Defendant engaged in violent conduct by pushing one teacher into a brick planter. *See Riddle*, 45 N.C. App. at 38, 262 S.E.2d at 325. Defendant also instructed Andrea to "[g]o at [Jayla] again[]" and told Atianna that "[i]f your sister fights, you fight." Defendant's provocative language, therefore, was likely to incite Andrea and Atianna to violence. *See* N.C. Gen. Stat. § 14-288.4(a)(2). As such, viewing the evidence in the light most favorable

to the State, *see Rose*, 339 N.C. at 192–93, 451 S.E.2d at 223, Defendant actively participated in a riot, *see Mitchell*, 110 N.C. App. at 254, 429 S.E.2d at 582. Accordingly, the trial court did not err in denying her motion to dismiss the misdemeanor charge of engaging in a riot. *See Fritsch*, 351 N.C. at 378, 526 S.E.2d at 455.

### 2. Fatal Variance

Defendant next contends the trial court erred by failing to dismiss her charge of engaging in a riot because of a fatal variance between the charging instrument and the evidence presented at trial. Specifically, she asserts that the magistrate's order alleged she engaged in a riot based on injury to persons whereas the trial evidence showed only risk of injury. We disagree.

A defendant properly preserves a fatal variance argument by making a general motion to dismiss. *See State v. Juran*, 294 N.C. App. 81, 85, 901 S.E.2d 872, 876 (2024). Thus, because Defendant made a motion to dismiss, she preserved her fatal variance argument. *See id.* at 85, 901 S.E.2d at 876.

" 'A variance between the criminal offense charged and the offense established by the evidence is in essence a failure of the State to establish the offense charged.' " *State v. Pickens*, 346 N.C. 628, 646, 488 S.E.2d 162, 172 (1997) (quoting *State v. Waddell*, 279 N.C. 442, 445, 183 S.E.2d 644, 646 (1971)). "The determination of whether a fatal variance exists turns upon two policy concerns, namely, (1) insuring that the defendant is able to prepare his defense against the crime with which he is

charged and (2) protect[ing] the defendant from another prosecution for the same incident." *Juran*, 294 N.C. App. at 83, 901 S.E.2d at 875 (quoting *State v. Glidewell*, 255 N.C. App. 110, 113, 804 S.E.2d 228, 232 (2017)).

Thus, a trial court may grant a motion to dismiss for fatal variance " 'when the prosecution fails to offer sufficient evidence [that] the defendant committed the offense charged.' " *State v. Tarlton*, 279 N.C. App. 249, 253, 864 S.E.2d 810, 813 (2021) (quoting *Pickens*, 346 N.C. at 646, 488 S.E.2d at 172). To do so, "the variance 'must be material, meaning it must involve an essential element of the crime charged,' and the defendant must establish [s]he suffered prejudice as a result." *Juran*, 294 N.C. App. at 83, 901 S.E.2d at 875 (quoting *Glidewell*, 255 N.C. App. at 113, 804 S.E.2d at 232). For example, if a defendant faces charges under the same statute, the variance may not be fatal without sufficient evidence for the other crime. *See id.* at 87, 901 S.E.2d at 877.

Under the statute for engaging in a riot, "[a] riot is a public disturbance involving an assemblage of three or more persons which by disorderly and violent conduct, or the imminent threat of disorderly and violent conduct, *results in injury* or damage to persons or property *or creates a clear and present danger of injury* or damage to persons or property." N.C. Gen. Stat. § 14-288.2(a) (2025) (emphasis added).

Here, even though the State failed to establish the offense charged in the magistrate's order, *see Pickens*, 346 N.C. at 646, 488 S.E.2d at 172, the variance was

not prejudicial, *see Juran*, 294 N.C. App. at 83, 901 S.E.2d at 875. Defendant faced charges under the same statute regardless of whether she caused injury or created a clear and present danger of injury. *See id.* at 87, 901 S.E.2d at 877; N.C. Gen. Stat. § 14-288.2(a). Thus, the magistrate's order sufficiently noticed Defendant of the charge to prepare a defense. *See Juran*, 294 N.C. App. at 83, 901 S.E.2d at 875. Moreover, because the charge was under the same statute regardless of the existence of an injury, Defendant could not face a second prosecution. *See id.* at 83, 901 S.E.2d at 875. Defendant, therefore, has failed to show prejudice because of the variance. *See id.* at 83, 901 S.E.2d at 875. Accordingly, the trial court did not err in denying her motion to dismiss. *See Tarlton*, 279 N.C. App. at 253, 864 S.E.2d at 813.

## V. Conclusion

In sum, we conclude that substantial evidence supports each element of engaging in a riot, and no fatal variance exists between the allegations in the charging instrument and the evidence. Accordingly, the trial court did not err by denying Defendant's motion to dismiss.

NO ERROR.

Judges TYSON and STADING concur.

Report per Rule 30(e).