An unpressed opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-256

Filed 3 June 2026

Wake County, No. 22CR206394-910

STATE OF NORTH CAROLINA

v.

BOBBY RAY MCLAUGHLIN

Appeal by defendant from judgment entered 1 April 2024 by Judge Paul C. Ridgeway in Superior Court, Wake County. Heard in the Court of Appeals 22 September 2025.

> *Attorney General Jeff Jackson, by Special Deputy Attorney General J. Locke Milholland, IV, for the State.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Nicholas Woomer-Deters, for defendant-appellant.*

PER CURIAM.

Defendant Bobby Ray McLaughlin appeals from a judgment entered following a jury verdict finding him guilty of malicious conduct by a prisoner and assault inflicting injury on a law enforcement officer. He argues that the trial court erred by denying his request to charge the jury using the exact language used in the

indictment. Because the jury was instructed on the essential elements of the crime charged, we hold that the trial court did not err.

## I. Factual and Procedural History

The State's evidence tended to show that on 19 February 2022 at about 1:30 p.m., dispatch alerted Officer Kendal Strachan about a possible sexual assault at a Walgreens on Capital Boulevard in Raleigh. Strachan arrived outside the store and saw Defendant "approaching people and actively panhandling or begging." Defendant was arrested after "he would not voluntarily submit to a detainment."[1] Strachan, along with two other officers, placed Defendant in handcuffs and secured him in the back of the patrol car.

Strachan drove Defendant to the lower vehicle sally port—a secured garage— at the Wake County Detention Center. After stepping out of his car, Strachan disarmed himself, opened the passenger side's back door, and asked Defendant to step out. Defendant responded, "F**k you cracker a** N word," and positioned himself behind the driver's seat. When Strachan tried to remove Defendant from the back seat, Defendant tried to bite his finger and then spit in Strachan's face. Defendant finally got out of the back seat and moved toward Strachan "in a very aggressive manner, still screaming . . . f**k you."

Defendant was "actively kicking and attempting to head butt," so Strachan

---

[1] The officers determined that a sexual assault had not occurred.

"position[ed] [his] body behind" Defendant, "trip[ped] out" one of Defendant's legs, and took "him the ground." As they fell, Defendant "grabbed" Strachan's left wrist and pinned it under his handcuffs. Using his knee to restrain Defendant's body, Strachan released his trapped left hand and immediately called for assistance.

Defendant was indicted for malicious conduct by a prisoner and assault inflicting physical injury on a law enforcement officer. The indictment charging assault inflicting physical injury on a law enforcement officer stated:

> [T]he jurors for the State upon their oath present that on or about April 19, 2022, in Wake County, the defendant unlawfully, willfully, and feloniously did assault Officer K. A. Strachan, a law enforcement officer of the Raleigh Police Department[,] and inflict physical injury *by grabbing the officer's hand, and lock the chain of the handcuffs around the officer's left wrist while squeezing causing a deep tissue hematoma and blood blister.* At the time of the offense, the officer was discharging and attempting to discharge a duty of his office, namely[,] attempt to escort him out of police vehicle. The defendant's actions were in violation of [North Carolina General Statute Section] 14-34.7(c)(1).

(Emphasis added.)

At the charge conference, the trial court stated it intended to use North Carolina Pattern Criminal Jury Instruction 208.95C for the assault charge. The pattern instruction lists five things the State must prove to find a defendant guilty of the offense; the second element the State must prove is "that the defendant assaulted" the law enforcement officer "by (*describe assault*)." N.C.P.I. – Crim 208.95C. (Emphasis in original.) When the court read this element at the charge conference,

it "described[ed the] assault" as "restraining or squeezing the alleged victim's wrist with a handcuff chain[.]" Defense counsel pointed out that the instruction's description of the assault differed from the indictment's description of the assault ("grabbing the officer's hand, and lock the chain of the handcuffs around the officer's left wrist while squeezing. . ."). Defense counsel requested the jury instruction to exactly match the indictment's language.

The court explained that the allegation in the indictment asserting that Defendant had "grabbed" was surplusage, which it did not think "conform[ed] to the evidence." Defense counsel disagreed, arguing that "those are the specific facts that were alleged in the indictment, and that is what the State has to prove[.]" The court stated:

> Yeah, I mean, there's certainly -- it certainly is surplusage and surplusage does not prohibit the State from proving theories or facts in a charged crime that are different than those alleged in the indictment. For example, an indictment identifying a firearm as a shotgun and the trial shows it was a handgun, the variance was immaterial.
>
> So it seems to me that the specific description of the assault is not necessary for the indictment, and so to hold the State to that immaterial portion of the indictment doesn't seem to be supported by law, but I'll hear if you have some authority to the contrary on that.

Defendant argued that it was a "due process issue" and "notice issue"; however, the court opined that it was "satisfied that factual allegations that are surplusage do not bind the State to that theory if evidence differs from those factual allegations is

developed at trial." Accordingly, the trial court instructed the jury on the assault

charge, in relevant part, as follows:

> For you to find the Defendant guilty of this offense, the
> State must prove five things beyond a reasonable doubt: . .
> . . Second, that the Defendant assaulted the law
> enforcement officer by restraining and squeezing the
> officer's wrist with a handcuff chain. An assault is an
> intentional application of force, however slight, directly or
> indirectly to the body of another person without that
> person's consent.

The jury found Defendant guilty of both charges. Defendant appeals.

## II. Analysis

Defendant argues that the trial court erred by denying his "request to charge

the jury on the assault charge using the language in the indictment and instead

replacing the indictment's word 'grabbed' with a jury instruction that use the word

'restrained' in its place."

We review the trial court's denial of a requested jury instruction *de novo*. *State

v. Ramseur*, 226 N.C. App. 363, 373, 739 S.E.2d 599, 606 (2013). Under a *de novo*

review, "this Court considers the matter anew and freely substitutes its judgment for

that of the lower court." *State v. Matthews*, ___ N.C. App. ___, ___, 924 S.E.2d 92, 94–

95 (2025).

"It is a well-established rule in this jurisdiction that it is error, generally

prejudicial, for the trial judge to permit a jury to convict upon some abstract theory

not supported by the bill of indictment." *State v. Taylor*, 301 N.C. 164, 170, 270 S.E.2d

409, 413 (1980) (citations omitted). For that reason, "trial courts should not give jury instructions which present possible theories of conviction either not supported by the evidence or not charged in the bill of indictment." *State v. Glidewell*, 255 N.C. App. 110, 113, 804 S.E.2d 228, 231–32 (2017) (citation, quotation marks, brackets, and ellipses omitted). Indeed, "a trial court's jury instructions which vary from the allegations of the indictment might constitute error where the variance is regarding an *essential element* of the crime charged." *State v. Lark*, 198 N.C. App. 82, 92, 678 S.E.2d 693, 700–01 (2009) "When allegations asserted in an indictment fail to conform to the equivalent material aspects of the jury charge," a fatal variance is created and

> the indictment is insufficient to support that resulting conviction. Furthermore, for a variance to warrant reversal, the variance must be material, meaning it must involve an essential element of the crime charged. The determination of whether a fatal variance exists turns upon two policy concerns, namely, (1) insuring that the defendant is able to prepare his defense against the crime with which he is charged and (2) protecting the defendant from another prosecution for the same incident. However, a variance does not require reversal unless the defendant is prejudiced as a result.

*Glidewell*, 255 N.C. App. at 113, 804 S.E.2d at 232 (citations, quotation marks, brackets, ellipses omitted). "Allegations beyond the essential elements of the crime sought to be charged are irrelevant and may be treated as surplusage." *State v. Westbrooks*, 345 N.C. 43, 57, 478 S.E.2d 483, 492 (1996) (citation omitted).

Here, Defendant was charged with violating North Carolina General Statute

Section 14-34.7(c)(1), which makes it unlawful for a person to assault "a law enforcement officer, probation officer, or parole officer while the officer is discharging or attempting to discharge his or her official duties and inflicts physical injury on the officer." N.C. Gen. Stat. § 14-34.7(c)(1) (2025). "For purposes of this subsection, 'physical injury' includes cuts, scrapes, bruises, or other physical injury which does not constitute serious injury." N.C. Gen. Stat. § 14-34.7(c) (2025). The essential elements of the charge are: (1) an assault; (2) on a law enforcement officer, probation officer, or parole officer; (3) while the officer is discharging or attempting to discharge his official duties; (4) that inflicts physical injury on the officer. N.C. Gen. Stat. § 14-34.7(c)(1); *see also State v. McLean*, 295 N.C. App. 254, 260, 905 S.E.2d 287, 292 (2024) (same).

Defendant argues the trial court erred when it rejected his request to charge the jury with the specific language in the indictment because there was a "material" variance between the indictment's language (grabbing) and the instructions' language (restraining). Defendant's variance argument goes to the first element of the charged offense—an assault. As noted above, the jury instruction defined an assault as "an intentional application of force, however slight, directly or indirectly to the body of another person without that person's consent." We acknowledge that there is a variance between the indictment and jury instruction regarding whether Defendant grabbed or restrained Strachan's hand. But this variance is immaterial, because both the indictment and the jury instruction described Defendant squeezing

the handcuff chain around Strachan's wrist as the "intentional application of force" which "inflict[ed] physical injury on" Strachan. The indictment alleged that Defendant "inflict[ed] physical injury by grabbing the officer's hand *and lock[ing] the chain of the handcuffs around the officer's left wrist while squeezing* causing a deep tissue hematoma and blood blister"; the instruction stated that Defendant assaulted Strachan by "restraining and *squeezing the officer's wrist with a handcuff chain.*" Thus, regardless of whether Defendant initially "grabbed" or initially "restrained" Strachan's hand, there was no variance between the indictment and the jury instructions as to the essential element of the assault—that Defendant squeezed the handcuff chain around Strachan's wrist. In other words, the indictment's allegation that Defendant grabbed Strachan's wrist was "irrelevant and may be treated as surplusage." *Westbrooks*, 345 N.C. at 57, 478 S.E.2d at 492.

Defendant contends that the jury charge here "is analogous to the issue" in *State v. Tucker*, 317 N.C. 532, 537, 346 S.E.2d 417, 420 (1986). In *Tucker*, the defendant was indicted for kidnapping under the theory of "*removing [the victim] from one place to another*, without her consent"; however, the judge instructed the jury at trial that the defendant could be guilty of the crime if they found "that the defendant unlawfully *restrained* the victim." *Id.* at 537, 346 S.E.2d at 420 (emphasis in original) (brackets omitted). The Supreme court reversed the conviction, emphasizing the "well-established rule in this jurisdiction that it is error, generally prejudicial, for the trial judge to permit a jury to convict upon some abstract theory

not supported by the bill of indictment." *Id.* at 537–38, 346 S.E.2d at 420 (citations and quotation marks omitted).

This facts in this case differs from those in *Tucker*. First, our case law is clear: an "indictment charging first-degree kidnapping *must* include information regarding the factual basis under which the State intends to proceed and . . . the State is limited to that factual basis at trial." *Id.* at 538, 346 S.E.2d at 421 (emphasis in original) (citation, quotation marks, and brackets omitted). The jury in *Tucker* was instructed on a theory of kidnapping that was not supported by the bill of indictment. *Id.* Here, Defendant's indictment contained the essential elements of the assault charge, and the trial court instructed the jury on the same essential elements. Defendant was not convicted "under some abstract theory not supported by the bill of indictment." *Taylor*, 301 N.C. at 170, 270 S.E.2d at 413.

Finally, we reject Defendant's argument that the trial court "lowered the standard that was necessary for the jury to convict on the assault charge" by "substituting the word 'restrained' in place of the word 'grabbed,'" because "the act of grabbing implies intent whereas the act of restraining, especially for a man with his hands cuffed behind his back in a struggle with someone else, could be accidental and therefore unintentional." As discussed above, the jury was instructed that an assault is "an *intentional application of force*, however slight, directly or indirectly to the body of another person without that person's consent." (Emphasis added.) The allegation that Defendant assaulted Strachan when he squeezed the handcuff chain

around Strachan's wrist remained the same in the indictment and the jury instructions.

## III.    Conclusion

Because the word "grabbing" was surplusage in the indictment, the trial court did not err in instructing the jury on the essential elements of the crime charged.

NO ERROR.

Panel consisting of Judges STROUD, TYSON, and HAMPSON.

Report per Rule 30(e).